**COMMONWEALTH OF PENNSYLVANIA,**
Appellee,

v.

**Richard Allen JOHNS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 22, 2002.

Filed Dec. 3, 2002.

James R. Wilson, Pittsburgh, for appellant.

Michael W. Streily, Sandra Preuhs, Assistant District Attorneys, Pittsburgh, for Commonwealth.

Before: STEVENS, HESTER, and BROSKY, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Allegheny County on Appellant's conviction for one count of Summary Disorderly Conduct.[1] On appeal, Appellant claims his guilty plea was invalidated when the court entered judgment of sentence on an amended information containing a different charge from the one referenced in Appellant's guilty plea colloquy. We disagree and affirm judgment of sentence.

¶ 2 On May 11, 2000, Appellant went to a neighbor's home and asked a sixteen-year-old girl who answered the door if he could leave his suitcase with her temporarily while he attended to some business. The girl agreed, and Appellant left. Curious over what the suitcase concealed, however, the girl opened it to find nine handguns inside. Alarmed, she called the Brentwood Police Department, who took possession of the firearms and eventually arrested Appellant on an initial felony charge of Possession of Firearm by a Minor/Responsibility of Adult.[2]

¶ 3 On December 19, 2000, Appellant appeared before the lower court to enter a negotiated guilty plea to a misdemeanor charge of Corrupting the Morals of a Minor,[3] a charge for which Appellant had already completed a written guilty plea colloquy form. At the hearing, the Commonwealth asked if it would be acceptable

---

1.  18 Pa.C.S.A. § 5503.

2.  18 Pa.C.S.A. § 6110.1(c).

3.  18 Pa.C.S.A. § 6310.

to the court if the Commonwealth amended the information one more time to a summary offense of disorderly conduct instead of corruption of the morals of a minor. N.T. 12/19/00 at 6. Plea counsel for Appellant expressed his unqualified support for the amendment, and the Commonwealth assured the court that such an amendment would have the support of the Brentwood Police, who were not present at the hearing. Id.

¶ 4 After instructing Appellant that he would forfeit ownership of his guns and be sentenced to 90 days' probation, the court asked Appellant if he understood the consequences of pleading guilty to the amended charge of disorderly conduct. N.T. at 7. Appellant confirmed that he did and entered his plea of guilt on the summary offense. Id. Consequently, the court entered judgment of sentence that same day. C.R. at 7.

¶ 5 According to the docket, Appellant filed a timely post-sentence Motion to Withdraw Guilty Plea with the lower court on December 29, 2000.[4] The court denied the motion by operation of law on May 8, 2001, and this timely appeal followed.

¶ 6 Represented by new counsel, Appellant raises the following two arguments for our review:

I. DID [APPELLANT] RECEIVE PREJUDICIAL INEFFECTIVE ASSISTANCE WHERE COUNSEL FAILED TO OBJECT TO [APPELLANT'S] GUILTY PLEA COLLOQUY FOR CORRUPTING THE MORALS OF A MINOR, A MISDEMEANOR, AFTER THE COMMONWEALTH AMENDED THE CHARGE TO SUMMARY DISORDERLY CONDUCT.

II. WAS [APPELLANT'S] GUILTY PLEA COLLOQUY DEFECTIVE BECAUSE IT DID NOT INCLUDE THE ELEMENTS OF THE AMENDED CHARGE, SUMMARY DISORDERLY CONDUCT, THE FACTS AS THEY RELATED TO THAT CHARGE, OR THE POSSIBLE SENTENCE [APPELLANT] WOULD FACE AS A RESULT OF PLEADING GUILTY TO THE AMENDED CHARGE OF SUMMARY DISORDERLY CONDUCT.

Brief for Appellant at 4.

¶ 7 As an initial matter, the Commonwealth suggests that Appellant may not present an appeal from the denial of his motion to withdraw since the motion does not appear in the certified record. It is a well-settled principle that appellate courts may only consider facts which have been duly certified in the record on appeal. *Commonwealth v. Proetto*, 771 A.2d 823 (Pa.Super.2001). Failure to ensure that the record provides sufficient information to conduct a meaningful review "constitutes waiver of the issue sought to be reviewed." *Boyle v. Steiman*, 429 Pa.Super. 1, 631 A.2d 1025, 1030 (1993); *See also Commonwealth v. Lassen*, 442 Pa.Super. 298, 659 A.2d 999, 1008 (1995) (holding that where a claim is dependent upon materials not provided in the certified record, that claim is waived).

¶ 8 The Commonwealth is correct that the certified record contains no motion to withdraw Appellant's guilty plea. Nevertheless, court-generated documentation of record verifies that Appellant filed the motion with the court and later requested, to

4. The Motion to Withdraw is not incorporated in the certified record as, according to the docket sheet, the "Motion cannot be located." The record does, however, contain documentation from the county's "Integrated Criminal Information System" reflecting that Appellant timely filed a *pro se* post-sentence motion with the lower court. C.R. at 9

no avail, that the court locate the motion for incorporation into the certified record. Under such circumstances, where the motion's existence is undisputed and confirmed in the record, its absence from the record occurred through no fault of Appellant, and attempts to locate the motion have been unsuccessful, we find it unduly harsh to lay the penalty of waiver upon Appellant. Moreover, where meaningful appellate review may take place despite the absence of the actual motion, we act in the name of judicial economy and review Appellant's claims on the merits.

¶ 9 For purposes of effective appellate review, we first address Appellant's second issue, that his guilty plea was invalid because his written plea colloquy did not contemplate the summary disorderly conduct offense to which he ultimately pleaded. In its response to Appellant's claim, the Commonwealth concedes that Appellant's plea colloquy did not recite the legal elements to a disorderly conduct offense. Under the totality of circumstances apparent in the record, we reject Appellant's appeal for the withdrawal of his plea.

¶ 10 When considering a petition to withdraw a plea submitted to a trial court after sentencing, it is well-established that a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. *Commonwealth v. D'Collanfield*, 805 A.2d 1244 (Pa.Super.2002). This Court has held that "in a case where ample, competent evidence in support of a guilty plea is made a matter of record, allegations of manifest injustice arising from the guilty plea must go beyond a mere claim of lack of technical recitation of the legal elements of crimes." *See Commonwealth v. Yager*, 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (citing *Commonwealth v. Martinez*, 499 Pa. 417, 422, 453 A.2d 940, 943 (1982)). Similarly, this Court has refused to withdraw technically defective guilty pleas where an appellant knowingly enters a plea to receive a favorable result to his case. *See Commonwealth v. Burno*, 310 Pa.Super. 564, 456 A.2d 1080 (1983) (although colloquy did not fully inform appellant of all elements of crimes charged and range of sentence, plea was voluntary because appellant entered it to receive benefit of favorable plea bargain).

¶ 11 In arguing that his plea was invalid, Appellant contends that he made his plea without knowing the elements to the disorderly conduct offense, the facts of his case as they related to the offense, and the possible sentence the offense would entail. Our review of the record supports Appellant's position that he was not, in fact, advised of the elements to a disorderly conduct offense.

¶ 12 The record, however, belies Appellant's contention that the facts of his case and the consequences of his plea were not fully developed before and at the hearing so as to deny him an understanding of his plea. At the hearing, with Appellant and counsel present, the court began by summarizing that Appellant was before the court for intentionally delivering firearms to a minor. N.T. at 3. Thereafter, a full recitation of the facts underlying Appellant's case directly preceded the counseled negotiations that brought about the amendments reducing the severity of charges Appellant faced. N.T. at 5–7. The record shows, moreover, that defense counsel was openly elated to obtain for Appellant a summary offense in a case that began with a felony information. N.T. at 6. The court then explained the forfeiture and sentencing features to Appellant's plea and obtained confirmation from Appellant that he understood the nature of his plea. N.T. at 7. Appellant pleaded guilty to the summary offense, and the court accepted it on the record. Id.

¶ 13 The totality of circumstances surrounding Appellant's plea shows that a factual predicate for the plea was established, that Appellant had notice that he was pleading guilty to an amended information of disorderly conduct, and that he entered his plea with full knowledge of its consequences, including the fact that he would receive a very favorable result from the amended negotiated plea. Therefore, under the authority cited *supra*, we find Appellant tendered a valid plea that he may not now seriously characterize a manifest injustice.

¶ 14 Finding Appellant's amended plea valid, we may summarily reject Appellant's first issue alleging counsel's ineffectiveness for his involvement in negotiating the plea. *See Yager, supra* (claims of counsel's ineffectiveness in connection with a guilty plea will provide a basis for relief only if the ineffectiveness caused an involuntary or unknowing plea). Accordingly, we affirm the judgment of sentence entered below.

¶ 15 Affirmed.