J. S09012/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :         PENNSYLVANIA
               v.                  :
                                       :
JAYRON RAYMOND DUDLEY,      :       No. 700 WDA 2014
                                       :
          Appellant        :

Appeal from the Judgment of Sentence, March 27, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0012381-2013

BEFORE: FORD ELLIOTT, P.J.E., BOWES AND ALLEN, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED FEBRUARY 24, 2015**

Jayron Raymond Dudley appeals from the judgment of sentence of March 27, 2014, following his convictions of one count each of possessing a firearm with manufacturer number altered, carrying a firearm without a license, persons not to possess/use firearms, tampering with physical evidence, false identification, and criminal mischief. We affirm the convictions, but vacate the sentence for false identification.

On March 27, 2014, appellant entered an open guilty plea to the above charges. An additional charge of receiving stolen property was withdrawn as part of the plea agreement. The trial court conducted a plea colloquy on the record, and appellant also completed a written guilty plea colloquy. (Notes of testimony, 3/27/14 at 37-42; docket #6.) Appellant received a sentence of three to six years' incarceration for possession of a firearm with

manufacturer number altered, and two years' consecutive probation for tampering with physical evidence. Appellant also received a sentence of two years' concurrent probation for false identification, with no further penalty at the remaining counts; therefore, appellant's aggregate sentence was three to six years' incarceration followed by two years of reporting probation.[1]

On April 3, 2014, appellant filed a timely post-sentence motion to withdraw his guilty plea, which was denied on April 4, 2014. This timely appeal followed on May 2, 2014. On June 16, 2014, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.; appellant timely complied on June 26, 2014, and on September 15, 2014, the trial court filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

1. Did the Trial Court abuse its discretion when it refused to grant Appellant an Evidentiary Hearing on his Post-Sentence Motion seeking to withdraw his guilty plea?

2. Did the Trial Court, in imposing a two-year probation sentence on Count Six [(false identification to law enforcement authorities)] of Allegheny County Criminal Complaint No. 2013-12381, impose an illegal sentence on that count?

---

[1] Appellant's sentence on count one, the firearms charge, was in the mitigated range of the sentencing guidelines. (Notes of testimony, 3/27/14 at 49.)

Appellant's brief at 3.

In his first issue on appeal, appellant argues that the trial court abused its discretion by failing to hold an evidentiary hearing on appellant's post-sentence motion for withdrawal of his guilty plea. Pennsylvania Rule of Criminal Procedure 720, governing post-sentencing procedures, provides, in relevant part: "(b) Hearing; Argument. The judge shall also determine whether a hearing or argument on the motion is required, and if so, shall schedule a date or dates certain for one or both." Pa.R.Crim.P., Rule 720(B)(2)(b), 42 Pa.C.S.A.

> Appellant next asserts the trial court erred by not holding a hearing on his motion to withdraw his plea of *nolo contendere*. Pennsylvania Rule of Criminal Procedure [720] does not require a hearing to be held to deal with a motion to withdraw a plea of guilty; rather, it merely states the trial court may schedule a hearing on the motion. *Commonwealth v. Savilla*, 338 Pa.Super. 292, 487 A.2d 971 (1985). Therefore, the decision whether to hold a hearing is left to the discretion of the trial court. *See* Pa.R.Crim.P. [720](B)(2)(b). "It is true that in 'borderline cases' a hearing should be granted . . . . However, this should not lead to the grant of a hearing every time a claim is made that a guilty plea was improperly induced." *Commonwealth v. Cappelli*, 340 Pa.Super. 9, 489 A.2d 813, 819 (1985) (*en banc*).

*Commonwealth v. Stork*, 737 A.2d 789, 791 (Pa.Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000).

"When considering a petition to withdraw a plea submitted to a trial court after sentencing, it is well-established that a showing of prejudice on

the order of <u>manifest injustice</u> is required before withdrawal is properly justified." **Commonwealth v. Byrne**, 833 A.2d 729, 737 (Pa.Super. 2003), quoting **Commonwealth v. Johns**, 812 A.2d 1260, 1261 (Pa.Super. 2002) (emphasis in original).

> The standard for withdrawal of a guilty plea after imposition of sentence is much higher [than the standard applicable to a presentence motion to withdraw]; a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

**Id.**, quoting **Commonwealth v. Muhammad**, 794 A.2d 378, 383 (Pa.Super. 2002) (citations and internal quotation marks omitted).

> A showing of manifest injustice is required after imposition of sentence since, at this stage of the proceeding, permitting the liberal standard enunciated in [the presentence setting] might encourage the entrance of a plea as a "sentence testing device." We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.

**Id.** (citations omitted).

Instantly, we agree with the trial court that appellant's motion was meritless on its face and the record indicates his plea was entered into voluntarily, knowingly, and intelligently. There was no need for a hearing on the matter, and the trial court did not abuse its discretion in denying appellant's motion to withdraw his guilty plea without a hearing. (Trial court opinion, 9/15/14 at 6-7.)

Appellant's claim in his post-sentence motion that his decision to forfeit his right to a trial was entered into involuntarily, that he is actually innocent of the charges, and that he did not know the potential consequences of his decision to plead guilty, is belied by the record. (Docket #10.) Appellant executed a written guilty plea colloquy, with the assistance of counsel, in which he acknowledged his right to a jury trial. We also note that immediately prior to entering a plea in this case, appellant had a non-jury trial on an unrelated case and was found guilty of disorderly conduct, resisting arrest and criminal mischief. (Notes of testimony, 3/27/14 at 43.) Clearly, appellant was aware of his right to go to trial.

In addition, the trial court conducted an oral plea colloquy during which appellant acknowledged the terms of the plea agreement, stated that he was satisfied with counsel's representation, and that he was pleading guilty because he was, in fact, guilty. (*Id.* at 37-42.) The Commonwealth also set forth the factual basis for the plea. (*Id.* at 39-41.) "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003), citing *Stork*, 737 A.2d at 790-791. To the extent appellant was disappointed with

the sentence imposed, that is not grounds for withdrawal.[2]   There is no manifest injustice here.   The trial court did not abuse its discretion in denying appellant's post-sentence motion to withdraw his guilty plea without a hearing.

Next, appellant claims that the sentence imposed at count six, false identification, was illegal as it exceeded the statutory maximum of one year. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction.   An illegal sentence must be vacated." *Commonwealth v. Melvin*, 103 A.3d 1, 52 (Pa.Super. 2014).

False identification to law enforcement is a third-degree misdemeanor punishable by up to one year of imprisonment.   18 Pa.C.S.A. § 1104(3). The length of any probationary term may not exceed the maximum term for which the defendant could be confined.   42 Pa.C.S.A. § 9754(a).   Therefore, appellant is correct that his sentence of two years' probation for false identification is illegal and must be vacated.   However, we will not remand for resentencing where the sentence was run concurrently with his two-year probationary term at count five, tampering with physical evidence, and the trial court's overall sentencing scheme remains intact.   Indeed, the trial court has stated that remand is unnecessary.   (Trial court opinion, 9/15/14

---

[2] Again, we note that appellant's sentence was in the mitigated range of the guidelines.   On the other case, appellant received a sentence of two years' probation for resisting arrest and no further penalty for criminal mischief. (Notes of testimony, 3/27/14 at 50-51.)   The trial court observed that appellant received a very lenient sentence.   (*Id.* at 52.)

at 8.) *See Melvin*, 103 A.3d at 56 ("This Court has the authority to correct an illegal sentence directly rather than to remand the case for re-sentencing so long as we do not disrupt the trial court's sentencing scheme in doing so.") (citations omitted).

Appellant's sentence at count six, false identification, is hereby vacated. Otherwise, the judgment of sentence is affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/24/2015