J-A09029-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :  IN THE SUPERIOR COURT OF
                                    :       PENNSYLVANIA
            Appellee        :
                                      :
              v.            :
                                      :
ROBERT TALECKI,              :
                                      :
           Appellant     :  No. 2796 EDA 2014

Appeal from the Judgment of Sentence August 19, 2014,
Court of Common Pleas, Chester County,
Criminal Division at No. CP-15-SA-0000268-2014

BEFORE:  BOWES, DONOHUE and STABILE, JJ.

MEMORANDUM BY DONOHUE, J.:          **FILED MARCH 13, 2015**

Robert Talecki ("Talecki") appeals *pro se* from the judgment of sentence entered on August 19, 2014 by the Court of Common Pleas, Chester County, finding him guilty of five summary traffic offenses.  For the reasons set forth herein, we affirm.

A brief summary of the relevant facts and procedural history follows. On January 9, 2014, Trooper Jeffrey Smith of the Pennsylvania State Police issued five traffic citations to Talecki for following too closely, 75 Pa.C.S.A. § 3310(a), disregarding traffic lanes, 75 Pa.C.S.A. § 3309(1), reckless driving, 75 Pa.C.S.A. § 3736(a), careless driving, 75 Pa.C.S.A. § 3714(a), and improper pass on the right – off road, 75 Pa.C.S.A. § 3304(a)(2).  On May 8, 2014, Magisterial Justice John R. Bailey held a hearing and found Talecki guilty on all counts.  On June 2, 2014, Talecki filed a notice of appeal from

summary criminal conviction to the Chester County Court of Common Pleas. The trial court held a hearing on August 19, 2014 and issued guilty verdicts on all counts.

On September 17, 2014, Talecki filed a timely notice of appeal to this Court. In his concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, Talecki alleges the following:

1. No physical evidence was presented by the Commonwealth.

2. Commonwealth's witness, whom [Talecki] has been identified as the perpetrator (sic), has substantially changed his testimony from the testimony presented before Magisterial Justice John R. Bailey with no collaboration of any other witness or physical evidence.

3. The Pennsylvania State Police trooper testifying on behalf of the Commonwealth was not the actual trooper on duty on [r]oute 30 around the time of the alleged incident. Further, he has provided testimony that is hearsay.

**See** Talecki's Concise Statement of Matters Complained of on Appeal.

We begin by noting, "[f]or the purposes of appeal, it is the responsibility of the appellant to offer a complete record for our review." **Commonwealth v. Lassen**, 659 A.2d 999, 1008 (Pa. Super. 1995) (quoting **Commonwealth v. Muntz**, 630 A.2d 51, 55 (Pa. Super. 1993)). "Failure to ensure that the record provides sufficient information to conduct a meaningful review 'constitutes waiver of the issue sought to be reviewed.'"

***Commonwealth v. Johns***, 812 A.2d 1260, 1261 (Pa. Super. 2002)

(quoting ***Boyle v. Steiman***, 631 A.2d 1025, 1030 (Pa. Super. 1993)).

In ***Preston***, this Court established that

> [w]ith regard to missing transcripts, the Rules of
> Appellate Procedure require an appellant to order
> and pay for any transcript necessary to permit
> resolution of the issues raised on appeal. Pa.R.A.P.
> 1911(a).[1] … When the appellant or cross-appellant
> fails to conform to the requirements of Rule 1911,
> any claims that cannot be resolved in the absence of
> the necessary transcript or transcripts must be
> deemed waived for the purpose of appellate review.

***Preston***, 904 A.2d at 7 (footnote added).

Based upon our review of the certified record, Talecki did not order or

pay for the transcript from the August 19, 2014 hearing. In these

situations, "[i]t is not proper for … the Superior Court to order transcripts

nor is it the responsibility of the appellate courts to obtain the necessary

transcripts." ***Id.*** (citing ***Commonwealth v. Williams,*** 715 A.2d 1101,

1105 (Pa. 1998)). Thus, in the absence of a transcript of the hearing at

which Talecki's guilt was determined, we are unable to conduct a meaningful

---

[1] Rule 1911(a) provides:

> **(a) General rule.** The appellant shall request any
> transcript required under this chapter in the manner
> and make any necessary payment or deposit
> therefor in the amount and within the time
> prescribed by Rules 5000.1 et seq. of the
> Pennsylvania Rules of Judicial Administration (court
> reporters).

review of Talecki's claims on appeal. All of Talecki's claims are therefore waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2015