J. S20005/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JEFFREY BIDELMAN, | : | No. 1982 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 11, 2013,
in the Court of Common Pleas of Cambria County
Criminal Division at Nos. CP-11-CR-0000433-2012,
CP-11-CR-0001900-2010, CP-11-CR-0001901-2010

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND WECHT, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 15, 2015**

Jeffrey Bidelman appeals from the judgment of sentence entered on

July 11, 2013, in the Court of Common Pleas of Cambria County.  We affirm.

> The charges filed at Docket Numbers
> 1901-2010 and 433-2012 stem from an incident in
> which [appellant] and Jason Truscott
> ["Co-Defendant"] conspired to steal, inter alia, a ring
> and savings bond from a home.  Several years later,
> [appellant] and Co-Defendant discussed cashing the
> stolen bonds during a conversation that was
> wire-tapped by police.  Subsequently, [appellant]
> was found to be in possession of the bonds.  The
> charges filed at Docket Number 1900-2010 stem
> from an incident in which [appellant] and two other
> individuals were in possession of various stolen
> items, which were recovered at [appellant's] place of
> employment.  [Appellant] admitted his involvement
> to the investigating detective.
>
> On May 30, 2013, [appellant] pleaded
> *nolo contendere* to Receiving Stolen Property (a

Felony 3) (Docket No. 1901-2010); Criminal Conspiracy to Commit Theft by Unlawful Taking (a Misdemeanor 1) (No. 433-2012); and Receiving Stolen Property (a Misdemeanor 1) (No. 1900-2010). On July 11, 2013, this Court sentenced [appellant] to nine months['] house arrest followed by 12 months['] probation on the felony Receiving Stolen Property charge; 12 months['] consecutive probation on Criminal Conspiracy to Commit Theft by Unlawful Taking; and 12 months['] consecutive probation on the misdemeanor Receiving Stolen Property charge. On October 17, 2013, the Court conducted a restitution hearing in the case entered to Docket No. 433-2012 and ordered [appellant] and Co-Defendant to pay restitution in the amount of $14,917.50 jointly and severally. [Appellant] filed timely post-sentence motions, which were denied by Order dated November 12, 2013. [Appellant] now submits a Concise Statement of Matters Complained of on Appeal, raising five properly preserved issues.

Trial court opinion, 2/17/14 at 1-2 (citations and footnote omitted).

The following claims have been presented for our review:

A.   Whether the lower court erred in sentencing Appellant to a period of house arrest rather than a period of probation[?]

B.   Whether the lower court erred by sentencing Appellant without sufficient information as to the facts of the case prior to imposing sentence[?]

C.   Whether the lower court erred by sentencing Appellant to a period of home confinement while a co-defendant received a probation term[?]

D.   Whether the lower court erred by failing to find trial counsel ineffective by promising Appellant he would only receive a probation term[?]

> E. Whether the lower court erred by failing to find trial counsel ineffective because he failed to withdraw Appellant's nolo contendre plea[?]

Appellant's brief at 4.

Appellant's first three claims challenge the discretionary aspects of his sentence. Appellant's plea of ***nolo contendere*** does not bar a discretionary sentencing challenge because there was no agreement as to the sentence appellant would receive. ***See Commonwealth v. Ritchey***, 779 A.2d 1183, 1185 (Pa.Super. 2001) (acknowledging precedent that where there are no sentencing restrictions in the plea agreement, the entry of a guilty plea will not preclude a subsequent challenge to the discretionary aspects of sentencing).

"Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004), ***appeal denied***, 860 A.2d 122 (Pa. 2004). As noted, appellant filed a timely motion for reconsideration of sentence.

The right to appeal the discretionary aspects of a sentence is not absolute. ***Commonwealth v. Pollard***, 832 A.2d 517, 525 (Pa.Super. 2003).

> When challenging the discretionary aspects of the sentence imposed, an appellant must present a

> substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Ahmad***, 961 A.2d 884, 886-887 (Pa.Super. 2008) (citations, quotation marks, and footnote omitted).

Appellant has included in his brief a concise statement of the reasons relied on for allowance of appeal as to the discretionary aspects of his sentence; thus, he has complied with the procedural requirement of Pa.R.A.P. 2119(f). ***Commonwealth v. Hornaman***, 920 A.2d 1282, 1284 (Pa.Super. 2007). Therefore, we proceed to determine whether appellant has presented a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. ***Id.***

In his Rule 2119(f) statement, appellant presents two claims.[1]  First, appellant argues the sentencing court abused its discretion in failing to take into account all relevant information resulting in a disparate sentence of home confinement for appellant while his co-defendant received probation.[2]  We conclude this claim raises a substantial question.  ***Commonwealth v. Cleveland***, 703 A.2d 1046 (Pa.Super. 1997) (holding substantial question raised where the appellant averred an unexplained disparity between his sentence and that of his co-defendant); ***Commonwealth v. Krysiak***, 535 A.2d 165, 167 (Pa.Super. 1987) ("[D]isparate sentences between two or more co-defendants constitutes a substantial question necessitating our exercise of jurisdiction to review.").  This claim, however, is meritless and we affirm based on the trial court's Rule 1925(a) opinion.  (***See*** trial court opinion, 2/17/14 at 3-4.)

Appellant's Rule 2119(f) statement also challenges the propriety of the court's restitution award.[3]  Specifically, he posits that the court determined

---

[1] At the outset, we note appellant's Rule 2119(f) statement fails to describe what the guidelines were or where appellant's sentence falls in relation to those guidelines.

[2] As noted, appellant filed a post-sentence motion which alleged that the trial court abused its discretion when it sentenced appellant to house arrest rather than probation which his co-defendant received.

[3] ***See In the Interest of M. W.***, 725 A.2d 729, 731 n.4 (Pa. 1999) (holding that, while challenges concerning the amount of restitution involve the discretionary aspects of sentencing, questions regarding the court's authority with respect to ordering restitution implicate the legality of a sentence).

restitution based on speculation. (Appellant's brief at 9.) We find this claim to be waived as appellant failed to present this issue to the trial court in his concise statement of errors complained of on appeal filed pursuant to Pa.R.A.P. 1925(b). **See** Pa.R.A.P. 302(a) and Docket #68.

Appellant's next two claims concern the effective assistance of counsel. We find these claims to be premature and should properly be raised, if necessary, in a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Our supreme court recently reaffirmed the holding in **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002), in **Commonwealth v. Holmes**, 79 A.3d 562 (Pa. 2013). Therein, the **Holmes** court held "claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of ineffectiveness upon post-verdict motions; and such claims should not be reviewed upon direct appeal." **Id.** at 576. The court noted two narrow exceptions for "extraordinary circumstances" to the broader rule, "where the trial court, in the exercise of its discretion, determines that a claim (or claims) of ineffective assistance is both meritorious and apparent from the record so that immediate consideration and relief is warranted," and allowing review for "good cause," such as the shortness of a sentence, or "multiple, and indeed comprehensive, ineffectiveness claims if such review is accomplished by a waiver of PCRA rights." **Id.** at 577-578.

Instantly, the trial court did not find the claim to be meritorious, appellant has not alleged any "good cause" for seeking unitary review, and appellant has not stated his intention to waive collateral review. Thus, neither of the exceptions outlined in **Holmes** is applicable here, and the instant claim is not reviewable on this direct appeal.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/15/2015



FEB 20 2014

IN THE COURT OF COMMON PLEAS OF CAMBRIA COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA, :    Nos.    1900-2010; 1901-2010;
    :               433-2012

    v.    :

JEFFREY BIDELMAN,    :

    Defendant/Appellant.  :

***************

APPEARANCES:

    For the Commonwealth:    SCOTT M. LILLY, ESQUIRE
               Chief Deputy, Appellate Division
               Office of the District Attorney

    For Defendant/Appellant:    KEVIN J. ROZICH, ESQUIRE

**************

## STATEMENT IN SUPPORT OF ORDER PURSUANT TO
## PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(a)

FLEMING, J., February 17, 2014.  Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), the trial court presents the following Statement in Support of Orders dated November 12, 2013; December 4, 2013; and December 13, 2013:

### BACKGROUND

The charges filed at Docket Numbers 1901-2010 and 433-2012 stem from an incident in which Jeffrey Bidelman ["Defendant"] and Jason Truscott ["Co-Defendant"] conspired to steal, *inter alia*, a ring and savings bonds from a home. N.T. (May 30, 2013), p. 9; AMENDED INFORMATIONS (May 23, 2013).  Several years later, Defendant and Co-Defendant discussed cashing the stolen bonds during a conversation that was wire-tapped by police. N.T. (May 30, 2013), p. 10.  Subsequently, Defendant was found to be in possession of the bonds. *Id.*  The charges filed at Docket Number 1900-2010 stem from an incident in which Defendant and two

*A*

other individuals were in possession of various stolen items, which were recovered at Defendant's place of employment. *Id.* at p. 10. Defendant admitted his involvement to the investigating detective. *Id.*

On May 30, 2013, Defendant pleaded *nolo contendre* to Receiving Stolen Property (a Felony 3) (Docket No. 1901-2010); Criminal Conspiracy to Commit Theft by Unlawful Taking (a Misdemeanor 1) (No. 433-2012); and Receiving Stolen Property (a Misdemeanor 1) (No. 1900-2010). *See generally*, N.T. (May 30, 2013), p 2; and NOLO CONTENDRE PLEA EXPLANATION OF DEFENDANT'S RIGHTS (May 31, 2013). On July 11, 2013, this Court sentenced Defendant to nine months house arrest followed by 12 months probation on the felony Receiving Stolen Property charge; 12 months consecutive probation on Criminal Conspiracy to Commit Theft by Unlawful Taking; and 12 months consecutive probation on the misdemeanor Receiving Stolen Property charge. SENTENCES (July 11, 2013). On October 17, 2013, the Court conducted a restitution hearing in the case entered to Docket No. 433-2012, and ordered Defendant and Co-Defendant to pay restitution in the amount of $14,917.50, jointly and severally. ORDER DATED DEC. 4, 2013.[1] Defendant filed timely post-sentence motions, which were denied by Order dated November 12, 2013. Defendant now submits a Concise Statement of Matters Complained of on Appeal, raising five properly preserved issues.

## DISCUSSION

Purported Error No. 1

First, Defendant argues the Trial Court erred in sentencing Defendant to house arrest rather than probation in the case entered to Docket Number 1901-2010. CONCISE STATEMENT, ¶ 1. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commw. v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (internal citations and quotations omitted). At Defendant's sentencing, trial counsel and the Court reviewed the standard minimum range of sentence with Defendant, *i.e.*, restorative sanctions to nine months incarceration (RS-9). N.T. (May 30, 2013), p. 3; N.T. (July 11, 2013), pp. 3-4. Defendant's sentence of nine months

---

[1] The Court also filed an Amended Order on December 13, 2013, which specified to whom restitution was to be paid. ORDER DATED DEC. 13, 2013.

2

incarceration is within the standard minimum range of sentence. Accordingly, Defendant's first alleged error should be denied.

Purported Error No. 2

Defendant argues the Trial Court lacked sufficient information to impose sentence. CONCISE STATEMENT, ¶ 2. Defendant pleaded *nolo contendre* to the facts set forth by the Assistant District Attorney at the plea hearing. N.T. (May 30, 2013), pp. 9-10. The Court reviewed the elements of the crimes and Defendant acknowledged that the facts, as presented, satisfied the elements of the crimes. *Id.* at p. 11. Regarding the restitution imposed, this Court relies on its Opinion dated December 4, 2013. For the aforementioned reasons and the reasons set forth in its December 4, 2013 Opinion, Defendant's second purported error should be denied.

Purported Error No. 3

Next, Defendant asserts that house arrest was not appropriate in light Co-Defendant's probationary sentence. CONCISE STATEMENT, ¶ 3. Our appellate courts have provided guidance to trial courts regarding the sentencing of co-defendants as follows:

> A sentencing court is not required to impose the same sentence on all participants in a crime. Moreover, when a defendant's accomplice is tried, or pleads guilty, in a separate proceeding, and is sentenced by a different judge, the sentencing court is not required to explain a disparity between the defendant's sentence and that of the accomplice.

*Commw. v. Myers*, 536 A.2d 428, 430 (Pa. Super. 1988) (internal citations omitted).

In the case at bar, Co-Defendant pleaded guilty in a separate proceeding and was sentenced by a different judge than Defendant. Thus, no explanation of the disparity in sentencing is required. Nonetheless, there is an obvious reason why Defendant's sentence differs from that of his Co-Defendant. On June 6, 2013, Co-Defendant pleaded guilty to three first-degree misdemeanors. On July 15, 2013, he was sentenced by President Judge Timothy P. Creany to 54 months probation. CAMBRIA COUNTY DOCKET NUMBERS 737-2012; 1899-2010; AND 1902-2010. It is axiomatic that Co-Defendant's sentence for three *misdemeanor* offenses

3

cannot be compared to Defendant's sentence for two misdemeanors and a *felony*. For these reasons, Defendant's third purported error cannot succeed.

## Purported Error No. 4

Next, Defendant asserts that trial counsel was ineffective in "promising" he would receive a probationary sentence. CONCISE STATEMENT, ¶ 4. At sentencing, Defendant was unequivocally advised that no such "promise" existed:

> Court: Have any promises been made to you regarding the sentence you would receive? There's a difference – I know you discussed the range of sentences with your attorney and he explained to you the sentencing matrix and how the offense gravity score of the offenses is combined with your prior record, if any, to determine a permissible range of sentences for me to impose.
>
> Defendant: Okay.
>
> Court: That is not the same as a promise to you that you would receive a certain sentence. So I know that Mr. Sottile has discussed the sentence with you. Has anyone promised you that you would get any certain sentence?
>
> Defendant: If you mean with her, no.[2]
>
> Court. Anyone.
>
> Defendant: No.

N.T. (May 30, 2013), p. 11-12; *see also* NOLO CONTENDRE PLEA EXPLANATION OF DEFENDANT'S RIGHTS (May 31, 2013). It is clear Defendant was aware no promise existed as to sentencing. Accordingly, Defendant's fourth purported error should be denied.

## Purported Error No. 5

Finally, Defendant claims counsel was ineffective for failing to file a motion to withdraw the plea. CONCISE STATEMENT, ¶5. When considering a petition to withdraw a plea submitted after sentencing, "it is well-established that a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." *Commw. v. Johns*, 812 A.2d 1260, 1262 (Pa. Super. 2002). Ostensibly, Defendant now argues that trial counsel was

---

[2] Ostensibly, Defendant referred to Assistant District Attorney Tamara Bernstein.

ineffective for failing to file a motion to withdraw the when Defendant did not receive the probationary sentence allegedly promised to him. CONCISE STATEMENT, ¶¶ 4, 5. For the reasons set forth above, no such promise existed. Therefore, Defendant's fifth purported error cannot succeed as he fails to demonstrate a "showing of prejudice on the order of manifest injustice."

## CONCLUSION

For the reasons set forth above, Defendant's appeal should be denied and the Trial Court's Orders of November 12, 2013; December 4, 2013; and December 13, 2013 should be affirmed.

RESPECTFULLY SUBMITTED,

Linda Rovder·Fleming, J.