J. S33007/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER FREEDMAN, | : | No. 3231 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 22, 2014,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0007047-2013

BEFORE: FORD ELLIOTT, P.J.E. DONOHUE AND LAZARUS, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JULY 16, 2015**

Christopher Freedman appeals from the judgment of sentence of July 22, 2014, following his guilty plea to one count of delivery of a controlled substance. On appeal, appellant claims that his plea was invalid. After careful review, we affirm.

On July 22, 2014, appellant entered an open guilty plea to one count of delivery of a controlled substance (oxycodone), in violation of 35 Pa.C.S.A. § 780-113(a)(30). The charge related to an incident on June 5, 2013, wherein appellant exchanged one Percocet with an undercover officer for $10 in United States currency. On July 22, 2014, appellant was sentenced to 6 to 16 months' incarceration, followed by 2 years of probation, a standard range sentence. With credit for time served from October 1, 2013 to July 22, 2014, appellant was paroled immediately.

On August 18, 2014, appellant filed a motion for leave to file a *nunc pro tunc* motion to withdraw his guilty plea. Therein, appellant asserted that plea counsel failed to inform him of the effect pleading guilty would have on his parole status in an unrelated case. Appellant also claimed that he was under the influence of Vicodin at the time of his plea, which affected his decision making. (Docket #22.) On August 20, 2014, appellant was granted permission to file a motion to withdraw his guilty plea *nunc pro tunc*, and new counsel was appointed. On August 21, 2014, appellant filed a motion to withdraw the guilty plea, alleging that he was not advised that entering the plea could result in the revocation of his parole. Appellant did not reiterate his claim that he was under the influence of Vicodin during the plea hearing. (Docket #24.) On September 26, 2014, following an evidentiary hearing, appellant's motion was denied. A timely notice of appeal was filed on October 24, 2014. On October 29, 2014, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.; appellant timely complied on November 13, 2014. On December 15, 2014, the trial court filed a Rule 1925(a) opinion.

On appeal, appellant argues that while he was told there were potential consequences of his plea on his parole status, he was not provided any details. Appellant states that he agreed to enter a plea so he could go home to his daughter. (Appellant's brief at 5.) Appellant's parole was

revoked and he was ordered to serve out the remainder of his sentence (approximately 12 months). (*Id.*) Appellant states that he would not have agreed to the plea if he had been informed that he would be in violation of his parole and sentenced to serve an additional year of incarceration. (*Id.* at 6.) Appellant also argues that he was under the influence of narcotics at the plea hearing and was not fully aware of the consequences of entering a guilty plea. According to appellant, he had been given prescription narcotics at prison before being brought to court on the day of his plea. (*Id.* at 6-7.)[1]

"When considering a petition to withdraw a plea submitted to a trial court after sentencing, it is well-established that a showing of prejudice on the order of <u>manifest</u> <u>injustice</u> is required before withdrawal is properly justified." *Commonwealth v. Byrne*, 833 A.2d 729, 737 (Pa.Super. 2003), quoting *Commonwealth v. Johns*, 812 A.2d 1260, 1261 (Pa.Super. 2002) (emphasis in original).

> The standard for withdrawal of a guilty plea after imposition of sentence is much higher [than the standard applicable to a presentence motion to withdraw]; a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

*Id.*, quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002) (citations and internal quotation marks omitted).

---

[1] We note that appellant has failed to include a statement of questions involved in violation of Pa.R.A.P. 2116(a).

> A showing of manifest injustice is required after imposition of sentence since, at this stage of the proceeding, permitting the liberal standard enunciated in [the presentence setting] might encourage the entrance of a plea as a "sentence testing device." We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.

*Id.* (citations omitted).[2]

First, with regard to appellant's claim that he was under the influence of narcotics, this issue was not raised in his motion to withdraw his guilty plea. Therefore, it could be considered waived. Pa.R.A.P. 302(a). Apparently, appellant did testify regarding this issue at the evidentiary hearing. However, as the trial court states, during his plea colloquy, appellant represented that he was not under the influence of any substance that affected his ability to understand the terms of his plea. (Trial court opinion, 12/15/14 at 3, 5.) "A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not

---

[2] We note that in the recent case of **Commonwealth v. Carrasquillo**, ___ A.3d ___, 2015 WL 3684430 (Pa. June 15, 2015), our supreme court clarified that, in the pre-sentence guilty plea withdrawal context, "the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." **Id.** at *8. The **Carrasquillo** court rejected the **per se** approach to innocence claims, holding that a bare assertion of innocence is not, in and of itself, a sufficient reason to require a court to grant such a request. Rather, the trial court retains a degree of discretion in determining whether the defendant's innocence claim is plausible. **Id.** **Carrasquillo** has no applicability to the instant case where appellant sought to withdraw his plea post-sentencing and he is not asserting actual innocence.

later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003), citing ***Commonwealth v. Stork***, 737 A.2d 789, 790-791 (Pa.Super. 1999), ***appeal denied***, 764 A.2d 1068 (Pa. 2000). Appellant's testimony that he was lying because he just wanted to go home does not invalidate the plea. In addition, appellant completed a written guilty plea colloquy acknowledging that he was not under the influence of any narcotics, drugs, alcohol, or other substances that affected his ability to understand the statement's contents, and that he had a responsibility to advise the judge if was under the influence of any such substances. (Trial court opinion, 12/15/14 at 3.)

In his second issue on appeal, appellant complains that he was unaware of the consequences of pleading guilty; specifically, that his parole could be revoked and he could be sentenced to serve out his back time. However, a defendant's lack of knowledge of collateral consequences to the entry of a guilty plea, including probation/parole revocation, does not render a plea unknowing or involuntary. ***See Commonwealth v. Brown***, 680 A.2d 884, 887 (Pa.Super. 1996), ***appeal denied***, 689 A.2d 230 (Pa. 1997) ("the possibility of probation revocation is a collateral consequence to a guilty plea, and the fact that a defendant was not informed that he faces such a possibility in an unrelated criminal case does not undermine the validity of the plea").

Furthermore, the record belies this claim. Appellant acknowledged in his written plea colloquy that a violation of his probation/parole could result from his guilty plea. (Trial court opinion, 12/15/14 at 4.) In addition, appellant admitted that plea counsel advised him he could be subject to a violation of his parole and he understood that possibility. (*Id.*) Appellant testified that his overriding concern was to go home and see his daughter; again, however, this does not invalidate his plea where appellant was advised of the possibility his parole could be revoked. The fact that appellant willfully chose to ignore that advice does not make his plea involuntary. It appears that appellant knowingly took the risk and now suffers from buyer's remorse after he was sentenced to serve out the rest of his parole revocation sentence.

Appellant relies on *Commonwealth v. Barndt*, 74 A.3d 185 (Pa.Super. 2013), which is inapposite. There, plea counsel advised the defendant that he would be subject to a setback of no more than eleven months as a consequence of his guilty plea. In fact, the Parole Board revoked the defendant's parole and ordered him to serve 1,225 days in prison, approximately 41 months, which corresponded to the sum of his street time up to the point of his guilty plea to possession with intent to deliver. The record was clear that the defendant relied on counsel's unqualified assurance that he would receive no more than 11 months' street time. *Id.* at 200. Instantly, appellant is not alleging that he was

misinformed or that counsel told him the Parole Board would not revoke his parole and impose a setback for part or all of appellant's street time. Appellant claims he was not provided with sufficient details to enter a knowing, intelligent, and voluntary plea. However, he conceded that he was informed of potential adverse consequences, including that he could be found in violation of his parole. There is no merit here. The trial court did not err in denying appellant's post-sentence motion to withdraw his guilty plea.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/16/2015