J. S40007/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RYAN SANDERS, | : | No. 802 WDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 24, 2014,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0012103-2012

BEFORE:  FORD ELLIOTT, P.J.E., DONOHUE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:**FILED SEPTEMBER 18, 2015**

Ryan Sanders appeals from the judgment of sentence of March 24, 2014, following his conviction of firearms offenses and various summary traffic offenses.  On appeal, appellant challenges the validity of his guilty plea.  After careful review, we affirm.

The factual basis for appellant's plea was set forth at the plea hearing by assistant district attorney Kristen Pauli:

> If the Commonwealth would have gone to trial in this matter, we would have called Officers Zuber and Goughner of the McKeesport Police Department, as well as Detective Gold and representatives from the Allegheny County Medical Examiner's Office.  They would collectively testify on or about September 4, 2012, in Allegheny County, the officers observed [appellant] speeding.  They attempted to pulled [sic] him over.  He had gone through some traffic signal devices at that time.  When they did pull him over, Officer Goughner observed him take a gun from his

---

\* Retired Senior Judge assigned to the Superior Court.

> waistband and put it on the floor board underneath him while in the car. Nobody else was in the car with him. [Appellant]'s driver's license was suspended. He did not have a valid license to carry a concealed weapon. He does have prior felony convictions, three of them gun cases, which makes him a person not to possess a firearm. The gun was submitted to the Allegheny County Medical Examiner's Office at Lab Number 12LAB08499. It was found to be in good operating condition and it had a barrel length of 2 and 7/16 inches.

Notes of testimony, 3/24/14 at 7-8.

Appellant pled guilty to one count each of persons not to possess firearms, a second-degree felony, and possession of a firearm without a license, a third-degree felony. In addition, appellant pled guilty to the summary offenses of exceeding the speed limit, failing to obey traffic signals, and driving while operating privileges are suspended or revoked. Appellant faced a maximum penalty of 8½ to 17 years' imprisonment. (*Id.* at 3.) The court accepted the plea and appellant elected to proceed immediately to sentencing. (*Id.* at 8.)

Appellant presented the testimony of a representative from Justice Related Services ("JRS"), outlining a proposed treatment plan. (*Id.* at 9.) The trial court rejected the JRS plan but imposed a mitigated range sentence of 4 to 8 years' imprisonment followed by 5 years of probation. (*Id.* at 11.) After being advised of his rights, appellant stated he wished to withdraw the plea; the trial court informed him that he could file a motion. (*Id.* at 12.)

Two days later, on March 26, 2014, appellant filed a **_pro se_** petition for reconsideration, asserting that he was not credited for time served. (Docket #24.) On March 28, 2014, appellant filed a counseled motion to withdraw guilty plea, alleging that his plea was invalid due to the stress he was under:

> In support of this motion, the defendant avers that he was under the strain of significant family emergencies that would render his guilty plea unknowing, unintelligent, and involuntary. Specifically, shortly before his plea of guilty, the defendant learned that: his uncle who he was very close to, had died; that his cousin had been involved in a shooting, and a close relative was undergoing surgery.

Motion to withdraw guilty plea, 3/28/14 at 2 ¶6; docket #28.

Both the motion to withdraw guilty plea and the **_pro se_** motion for reconsideration/time credit were denied on April 21, 2014. (Docket #30.) On May 16, 2014, appellant filed a timely notice of appeal. By order filed July 3, 2014, appellant was directed to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., on or before July 23, 2014; appellant timely complied on July 18, 2014. In his Rule 1925(b) statement, appellant alleged that he was under extreme emotional duress at the time of the plea; and also, that he had attempted to assert his innocence on the record at the time of the guilty plea by stating that he had no knowledge a firearm was in the car he was driving.

(Rule 1925(b) statement, 7/18/14 at 3 ¶11; docket #34.)  On February 4, 2015, the trial court filed a Rule 1925(a) opinion.

Appellant has raised the following issue for this court's review on appeal:

> 1.    WHETHER THE TRIAL COURT ERRED IN DENYING THE [APPELLANT]'S MOTION TO WITHDRAW HIS GUILTY PLEA AFTER THE PENALTY WAS ASSESSSED [SIC] WHEN DENYING THE MOTION RESUTLED [SIC] IN A MANIFEST INJUSTICE?

Appellant's brief at 4.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.  Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i).   Failure to employ either measure results in waiver.  ***Commonwealth v. Tareila***, 895 A.2d 1266, 1270 n. 3 (Pa.Super.2006).  Historically, Pennsylvania courts adhere to this waiver principle because "[i]t is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed."  ***Commonwealth v. Roberts***, 237 Pa.Super. 336, 352 A.2d 140, 141 (1975) (holding that common and previously condoned mistake of attacking guilty plea on direct appeal without first filing petition to withdraw plea with trial court is procedural error resulting in waiver; stating, "(t)he swift and orderly administration of criminal justice requires that lower courts be given the opportunity to rectify their errors before they are considered on appeal"; "Strict adherence to this procedure could, indeed, preclude an otherwise costly, time consuming, and unnecessary appeal to this court").

***Commonwealth v. Lincoln***, 72 A.3d 606, 609-610 (Pa.Super. 2013), ***appeal denied***, 87 A.3d 319 (Pa. 2014).

Likewise:

> Normally, issues not preserved in the trial court may not be pursued before this Court. Pa.R.A.P. 302(a). For example, a request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal. Similarly, challenges to a court's sentencing discretion must be raised during sentencing or in a post-sentence motion in order for this Court to consider granting allowance of appeal. Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved.

*Id.* at 610, quoting ***Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa.Super. 2008), ***appeal denied***, 972 A.2d 521 (Pa. 2009).

Furthermore, "When considering a petition to withdraw a plea submitted to a trial court after sentencing, it is well-established that a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." ***Commonwealth v. Byrne***, 833 A.2d 729, 737 (Pa.Super. 2003), quoting ***Commonwealth v. Johns***, 812 A.2d 1260, 1261 (Pa.Super. 2002) (emphasis in original).

> The standard for withdrawal of a guilty plea after imposition of sentence is much higher [than the standard applicable to a presentence motion to withdraw]; a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

***Id.***, quoting ***Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa.Super. 2002) (citations and internal quotation marks omitted).

> A showing of manifest injustice is required after imposition of sentence since, at this stage of the proceeding, permitting the liberal standard enunciated in [the presentence setting] might encourage the entrance of a plea as a "sentence testing device." We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.

***Id.*** (citations omitted).

Appellant argues that he suffered a manifest injustice when the trial court denied his petition to withdraw the plea because he is actually innocent of the crimes charged. (Appellant's brief at 12.) Appellant states that he asserted his innocence during the plea colloquy, before sentence was imposed. (***Id.*** at 16.) Appellant denied any knowledge of the gun in the vehicle. (***Id.***) During the guilty plea colloquy, the following exchange occurred:

> THE COURT: Why are you pleading guilty?
>
> [APPELLANT]: I'm guilty of driving under suspension. I had a gun in the vehicle, but if I really knew that gun was in my vehicle, I would have

> slowed that car up trying to stop rather than trying to flee and elude police officers. Just being honest.
>
> THE COURT: Mr. Herring, have a discussion with [appellant] because based upon his statements, I can't accept the plea.
>
> MR. HERRING: I understand, Your Honor. One moment, please.
>
> (Thereupon, there was a discussion off the record.)
>
> THE COURT: Mr. Sanders, why are you pleading guilty?
>
> [APPELLANT]: Because I'm guilty of the charges, Your Honor.

Notes of testimony, 3/24/14 at 6-7.

As set forth above, this argument was not raised in the court below, either orally, on the record following sentencing, or in post-sentence motions. It was raised for the first time in appellant's Rule 1925(b) statement. Following sentencing, appellant stated that, "Yes. I would like to withdraw my plea." (*Id.* at 12.) Appellant did not state any reason why he wanted to withdraw his plea. In post-sentence motions, appellant raised a credit time issue and also petitioned to withdraw his plea on the basis that he was under emotional duress due to family circumstances. Appellant never asserted actual innocence as a basis for withdrawal of his guilty plea. As such, the matter is waived.[1] *Lincoln*, *supra*.

---

[1] Appellant does not argue on appeal that his plea was involuntary due to emotional stress, including the recent death of a family member. Therefore, that issue is deemed to have been abandoned.

Moreover, as recounted above, appellant initially denied knowledge of the gun (which directly conflicts with the officers' account of the incident, in which they observed him retrieve the gun from his waistband), but, after speaking with his attorney off the record, decided to plead guilty. As the Commonwealth observes, defendants choose to plead guilty for various reasons, including to argue for a lesser sentence. *See Commonwealth v. Anthony*, 475 A.2d 1303, 1307 (Pa. 1984) ("A defendant may plead guilty for any reason: to shield others, avoid further exposure, to diminish the penalty, to be done with the matter, or any secret reason that appeals to his needs. What is generally and most objectively accepted is that a plea is offered to relieve conscience, to set the record straight and, as earnest of error and repentance, to accept the penalty."). By entering the plea, appellant chose to waive any defenses he might have had. There is no manifest injustice apparent from the record. It appears more likely that appellant was simply unsatisfied with his sentence, having received a state sentence instead of intermediate punishment. There is no error here.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/18/2015