J-S11004-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JARON BROWN | : | |
| | : | |
| Appellant | : | No. 2150 EDA 2017 |

Appeal from the PCRA Order April 10, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0001112-2013,
CP-51-CR-0002978-2013, CP-51-CR-0003683-2013,
CP-51-CR-0014844-2012, CP-51-CR-0014848-2012,
CP-51-CR-0014853-2012

BEFORE:  OTT, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED JULY 24, 2018**

Jaron Brown appeals from the order entered on April 10, 2017, in the Court of Common Pleas of Philadelphia County denying him relief, without a hearing, on his petitions filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal,[1] Brown argues that the trial court imposed an illegal mandatory minimum sentence under 42 Pa.C.S. § 9712(a).  Because Brown has not supplied our Court with a certified record sufficient to review his claim, the issue is waived.

---

[1] There are six related appeals that were disposed of at one time by a single order.  This appeal addresses the trial court docket number CP-51-CR-0002978-2013, which was the second docket number listed on Brown's notice of appeal.

Contemporaneous with the instant appeal, Brown was denied relief on the other five related appeals because, contrary to his assertion, he was not subjected to a mandatory minimum sentence. Accordingly, his counsel could not have been ineffective for failing to raise a meritless claim. ***See Commonwealth v. Brown***, 1294 EDA 2017, 2151 EDA 2017, 2152 EDA 2017, 2153 EDA 2017, and 2154 EDA 2017. Although Brown's claim rested upon a challenge to his sentence, he failed to include a copy of the notes of testimony from his sentencing hearing. However, in the other five related cases, the certified record also contained a form, DC-300B (Part 1), completed by the trial court, that confirmed Brown had not been subjected to a mandatory minimum sentence. That form is absent from the instant matter.

> Our law is unequivocal that an appellant bears the responsibility to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty. ***Commonwealth v. B.D.G.***, 959 A.2d 362, 372 (Pa. Super. 2008). Therefore, "we can only repeat the well established principle that 'our review is limited to those facts which are contained in the certified record' and what is not contained in the certified record 'does not exist for purposes of our review.' " ***Id.*** (citation omitted).

***Commonwealth v. G. Brown***, 161 A.3d 960, 968 (Pa. Super. 2017).

Further,

> An appellant's failure to provide the reviewing court with a complete certified record results in the waiver of the claim. ***See Commonwealth v. Johns***, 812 A.2d 1260, 1261 (Pa. Super. 2002); ***see also, Commonwealth v. Lassen***, 442 Pa.Super. 298, 659 A.2d 999, 1008 (1995) (holding that where a claim is dependent upon materials not provided in the certified record, that claim is waived).

*Commonwealth v. Little*, 879 A.2d 293, 301 (Pa. Super. 2005).

While we might suppose that Brown, having been sentenced on all dockets at the same time, was not subjected to a mandatory minimum sentence herein, we may not base our review on supposition.[2]

Because the certified record in this matter is bereft of information concerning the imposition of a mandatory minimum sentence, we cannot conduct a meaningful review. Therefore, the issue is waived.

Because this is the only issued raised on appeal, Brown is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/18

_____

[2] As noted, Brown was not subjected to a mandatory minimum sentence in **any** of the other five cases involved in this appeal. If, against the odds and contrary to the PCRA court's assertion, Brown was subjected to an illegal mandatory minimum sentence, the failure to check the certified record is no small matter. However, all circumstantial evidence indicates Brown was sentenced in this matter just as he was in the other related matters. Accordingly, Brown would not be entitled to relief even if the record was complete. We note that the form in question, DC-300B (Part 1), is not listed as having been transmitted to this Court. It is so listed in all of the other cases.