COMMONWEALTH of Pennsylvania, Appellee,

v.

Shawn C. MURRAY, Appellant.

Superior Court of Pennsylvania.

Submitted July 7, 2003.
Filed Nov. 13, 2003.

Paul T. Schemel, Waynesboro, for appellant.

Todd R. Williams, Asst. Dist. Atty., Chambersburg, for Com., appellee.

BEFORE: JOYCE, MUSMANNO, and CAVANAUGH, JJ.

OPINION BY CAVANAUGH, J.:

¶ 1 This is an appeal from the denial of a first request for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. We affirm.

¶ 2 On December 22, 2000, appellant-Murray entered a counseled plea of guilty to two counts of driving under the influence and to one count of recklessly endangering another person (REAP). He was sentenced to an aggregate term of state incarceration of no less than fifteen months and no greater than six years. Through counsel, Murray perfected a direct appeal to this court, which affirmed the judgment of sentence on October 18, 2001. Murray filed a *pro se* petition under the PCRA on September 6, 2002. Counsel was appointed and an evidentiary hearing was held on December 23, 2002, at which Murray and his former counsel presented testimony. The lower court denied relief after the conclusion of the hearing.

¶ 3 On appeal, Murray, proceeding *pro se*,[1] presents twelve separately enumerated issues, of which several pertain to the legality of sentence and to the propriety of the trial court's exercise of its discretion in imposing sentence. The remainder of the issues challenge the sufficiency of the evidence and the effectiveness of guilty plea counsel at both the trial and appellate levels and challenge the effectiveness of PCRA counsel in pursuit of the instant petition.

¶ 4 The first two issues are as follows:

1. Whether the courts erred when they sentenced appellant outside the Sentencing Guidelines for the two charges of driving under the influence?

2. Whether the courts erred in using appellant's 1988 homicide by vehicle conviction to sentence him to the maximum on all charges?

¶ 5 On direct appeal to this court, appellant pursued, through counsel, a challenge to the sentence imposed for the three

1. Appellant has elected to represent himself throughout the appellate stage of this matter. After the lower court denied the PCRA petition, appointed counsel filed a motion to withdraw based on a letter he received from appellant, dated December 31, 2002, advising that he wished to proceed *pro se*. The lower court granted the petition to withdraw on January 22, 2003, and appellant began actively to represent himself through the filing of a statement of matters complained of on appeal with the lower court. He has continued to competently represent himself before this court by: 1) filing a praecipe for appearance; 2) filing a timely and lengthy brief in substantial conformity with all pertinent appellate rules; and 3) filing a motion to dismiss the Commonwealth's brief due to its being untimely filed and its failure to contain legal citations in support of argument. We perceive that throughout the course of this appeal, appellant has adequately demonstrated an intentional waiver of his right to counsel. He has never sought the appointment of counsel on appeal, nor does he maintain that he has been impaired in any way by representing himself at this stage. Upon these facts, we find that there is no need for an on-the-record colloquy to establish that appellant's waiver of his right to counsel is knowing, intelligent, and voluntary. *See Commonwealth v. Brady*, 741 A.2d 758, 762–63 (Pa.Super.1999) (citing *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998), and holding that Pa.R.Crim.P. 1504, now 904, does not require an on-the-record colloquy to waive representation by counsel where petitioner's actions demonstrate that he is voluntarily proceeding *pro se* ).

charges. The focus of the appeal was whether the trial court erred in sentencing Murray to a term of imprisonment in the state correctional system as opposed to a county sentence. This court treated the issue presented as an appeal from the discretionary aspects of sentence. The court determined that appellant had not presented a substantial question for review and, therefore, dismissed the appeal.

¶ 6 Under the PCRA, issues which have been the subject of previous litigation may not be revisited upon collateral review. 42 Pa.C.S.A. § 9543(a)(3). When an issue has been previously litigated, post-conviction relief is not available where a new theory of relief is proffered. *Commonwealth v. Morales*, 549 Pa. 400, 701 A.2d 516, 521 (1997). A petitioner cannot obtain post-conviction review of claims previously litigated by alleging ineffective assistance of prior counsel and presenting new theories of relief to support previously litigated claims. *Commonwealth v. Fisher*, 572 Pa. 105, 813 A.2d 761, 768 (2002) (opinion announcing judgment of the court, quoting *Commonwealth v. Bracey*, 568 Pa. 264, 795 A.2d 935, 939 n. 2 (2001) and other recent cases).

¶ 7 We conclude that the first two issues presented constitute an attempt to relitigate claims which have been previously disposed of on appeal before this court. A challenge to the discretionary aspects of Murray's sentence was presented on direct appeal. That a particular claim of abuse of discretion was made, *i.e.*, that the trial court abused its discretion in sentencing Murray to a state, rather than a local, facility, does not change the fact that the direct appeal sought review of the discretionary aspects of sentence. Instantly, Murray's challenge to his sentence under the Sentencing Guidelines and through the use of his 1988 conviction for homicide by vehicle constitutes a claim of abuse of dis-

cretion in the imposition of sentence. As such, this issue has been the subject of previous litigation and the new theories advanced do not remove it from the stricture of § 9543(a)(3) and the preclusion of further review under the PCRA.

¶ 8 The next issue is whether the lower court erred in stating that Murray had not requested a hearing on the matters raised in his PCRA petition. This issue is moot since the lower court in fact held an evidentiary hearing on December 23, 2002.

¶ 9 Murray presents three issues relating to the performance of appointed PCRA counsel which we shall treat together. *See* Brief for Appellant at i-ii, issues IV, XI and XII. First, Murray maintains that appointed counsel, Paul Schemel, did not have enough time to prepare the case before the conduct of the evidentiary hearing. Secondly, Murray argues that Mr. Schemel was in fact unprepared for the hearing and should have asked for a continuance so that he could properly prepare. Thirdly, Murray argues that Mr. Schemel was ineffective for failing to amend the *pro se* PCRA petition and for "leaving the appellant to defend for himself at the hearing."

¶ 10 In evaluating claims of ineffectiveness of counsel, the following principles apply:

To prevail on a claim that trial counsel was constitutionally ineffective, the appellant must overcome the presumption of competence by showing that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceeding would have been differ-

ent.... A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim.

*Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831, 855 (2003) (citations omitted). If it is clear that appellant has not demonstrated prejudice, the first two prongs need not be addressed by the reviewing court. *Id.* An appellate court is bound by the credibility findings of the lower court which have factual support in the record. *Commonwealth v. Bond*, 572 Pa. 588, 819 A.2d 33, 48 (2002).[2]

¶ 11 Murray argues in a conclusory fashion that Mr. Schemel, who was appointed on October 3, 2002, did not have enough time to prepare for the December 23rd evidentiary hearing.[3] Without citing to any facts that could have been discovered if the hearing had been continued, Murray has failed to sustain his burden of demonstrating that the timing of the hearing resulted in prejudice to him. Murray states, "It is obvious that PCRA counsel, did not have enough time to adequately prepare for the evidentiary hearing. In which, he would not get any documents, other than the PCRA petition, to prepare for the hearing." Brief for Appellant at 13. Contrary to this bare assertion, it is by no means obvious that counsel did not have adequate time to prepare to effectively present appellant's case within the two-month period after his appointment. Absent some showing by Murray of the specific manner in which the presentation of his case was impaired, we find no merit to this contention.

¶ 12 Murray expands this argument by alleging that Mr. Schemel was unprepared for the hearing and should have asked for a continuance. Again, Murray fails to identify the specific manner in which Mr. Schemel's performance and representation would have been enhanced with further preparation. Appellant argues ineffectiveness in a vacuum, *See Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981), affording no basis upon which to grant relief.

¶ 13 Regarding Mr. Schemel's not amending the *pro se* PCRA petition, we note that we have reviewed this document with its accompanying memorandum of law in support thereof. These submissions raised seven claims involving both sentencing issues and the quality of the representation by guilty plea counsel. On this appeal, Murray has not referred to any other issue which he believes should have been raised by Mr. Schemel. Instead, Murray engages in a broadside attack alleging that Mr. Schemel did no work on his behalf and merely acted as his "spokesman" at the evidentiary hearing. We have reviewed the notes of testimony of the December 23, 2002, hearing, and we disagree with Murray's assessment of his counsel's performance. Rather, counsel effectively presented the direct testimony of both Murray and his trial counsel. He conducted redirect examination of trial counsel and argued in favor of granting the PCRA petition at the close of the evidence. We fail to perceive what counsel might have further done, and nothing has been brought to our attention by Murray. Murray has

---

**2.** Our scope of review when examining a PCRA court's denial of relief is limited to determining whether the court's findings are supported by the record and the order is otherwise free of legal error. *Commonwealth v. Thomas*, 783 A.2d 328, 332 (Pa.Super.2001).

**3.** We recognize that it is a fundamental principle that new issues may not be raised on appeal. We are also aware that the issue could not practicably be raised at the hearing level and that it is likely out of time for further collateral relief. Faced with this conundrum, we address this issue.

not borne his burden of demonstrating ineffectiveness. *See Pettus, supra.*

¶ 14 The next issue is whether the lower court erred in limiting its review to issues pertaining to the ineffectiveness of trial counsel. This argument is premised upon the erroneous supposition that because the testimony presented at the evidentiary hearing referred to trial counsel's effectiveness, the lower court did not rule upon the non-ineffectiveness issues contained in the PCRA petition. The other issues, regarding sentencing and the record support for the REAP charge, required no additional evidence and, therefore, were not the subject of testimony. All issues were fully briefed, and the lower court ruled upon all the claims raised in the PCRA petition. This issue is without merit.

¶ 15 The next issue is whether the sentence for REAP and driving under the influence should have merged. This is a challenge to the legality of sentence which is properly before us for review. *Commonwealth v. Kitchen,* 814 A.2d 209, 214 (Pa.Super.2002), *appeal granted,* 573 Pa. 709, 827 A.2d 1201 (2003). In order for two convictions to merge, the crimes must be greater and lesser-included offenses and the crimes must be based on the same facts. *Commonwealth v. Gatling,* 570 Pa. 34, 807 A.2d 890, 899 (2002) (opinion announcing judgment of the court.) One crime is a lesser-included offense of another if, while considering the underlying factual circumstances, the elements constituting the lesser crime as charged are all included within the elements of the greater crime and the greater offense includes at least one additional element that is not a requisite for committing the lesser crime. *Id.,* n. 9.

¶ 16 Appellant argues that, since the recklessly endangering charge was based upon his having an eight year-old child in the front seat of his vehicle while he was operating it under the influence of alcohol, the two crimes merged for the purpose of sentencing. We reject this argument since REAP and DUI are not greater and lesser offenses. REAP requires the placement of another person in danger of death or serious bodily injury. 18 Pa.C.S.A. § 2705. Driving under the influence requires the operation of a vehicle while under the influence of alcohol to a degree which rendered the person incapable of safe driving. 75 Pa.C.S.A. § 3731(a)(1). REAP does not require that a person be under the influence of alcohol, and DUI does not require that a person place another individual in danger of injury. Under the facts of this case, the driving under the influence was one infraction, and the placing of the eight year-old in danger due to the alcohol-impaired condition of the driver was a separate infraction. *Cf. Commonwealth v. Silay,* 694 A.2d 1109 (Pa.Super.1997) (conviction for REAP does not merge with conviction for homicide by vehicle while driving under the influence of alcohol.) *See also Gatling, supra,* at 899, n. 9 (comparing holding of *Commonwealth v. Comer,* 552 Pa. 527, 716 A.2d 593 (1998) (homicide by vehicle merges with involuntary manslaughter) with that of *Commonwealth v. Collins,* 564 Pa. 144, 764 A.2d 1056 (2001) (homicide by vehicle does not merge with homicide by vehicle/DUI.)) Therefore, the sentences imposed were legal as no merger of offenses was required.

¶ 17 The next issue is a challenge to the sufficiency of the evidence to sustain the charge of REAP. Appellant relies upon *Commonwealth v. Mastromatteo,* 719 A.2d 1081 (Pa.Super.1998), for the proposition that his conduct did not legally constitute reckless endangerment. This issue is not properly before us on an appeal from a guilty plea. The entry of a guilty plea constitutes a waiver of all de-

fenses and defects except claims of lack of jurisdiction, invalid guilty plea, and illegal sentence. *Commonwealth v. Roden,* 730 A.2d 995, 997 n. 2 (Pa.Super.1999); *Commonwealth v. Everett,* 290 Pa.Super. 344, 434 A.2d 785, 789 (1981). The issue of sufficiency of the evidence has been waived and is not subject to review on appeal.

■ ¶ 18 The next two challenges are to the effectiveness of guilty plea counsel. First appellant argues that counsel was ineffective for telling him that he would receive a sentence of thirty days to six months if he were to enter a guilty plea. Counsel testified at the PCRA hearing and stated that he made no such representation to appellant. The PCRA court found this testimony credible. We are bound to accept its veracity upon review. *See, Bond, supra.* We also note that the written guilty plea colloquy signed by appellant avers that no promises, other than the open plea agreement, were made to him as an inducement to plead guilty. This issue is without merit.

■ ¶ 19 Second, appellant maintains that guilty plea counsel was ineffective for not moving to withdraw the guilty plea and/or moving for reconsideration of sentence. Counsel testified that appellant did not ask him to withdraw the plea until after the imposition of sentence. The lower court found this testimony credible, and we are bound to accept it. *Id.* Counsel further testified that appellant never maintained that he was innocent and that counsel determined that a post-sentence motion to withdraw the guilty plea would be rejected by the court. Appellant has not demonstrated that counsel's actions prejudiced him. He has not shown that he would have been able to meet the strict standard for seeking withdrawal of a guilty plea post-sentence.

When considering a petition to withdraw a plea submitted to a trial court after sentencing, it is well-established that a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. *Commonwealth v. D'Collanfield,* 805 A.2d 1244 (Pa.Super.2002). This Court has held that "in a case where ample, competent evidence in support of a guilty plea is made a matter of record, allegations of manifest injustice arising from the guilty plea must go beyond a mere claim of lack of technical recitation of the legal elements of crimes." *See Commonwealth v. Yager,* 454 Pa.Super. 428, 685 A.2d 1000, 1003 (1996) (citing *Commonwealth v. Martinez,* 499 Pa. 417, 422, 453 A.2d 940, 943 (1982)).

*Commonwealth v. Johns,* 812 A.2d 1260, 1262 (Pa.Super.2002).

¶ 20 Appellant has not demonstrated a manifest injustice. His argument that the plea to reckless endangerment is not supported by facts presented at the time of the entry of the guilty plea is without merit. The facts, as presented, fully provide a basis upon which the court could accept a plea of guilty to the charge of REAP. Appellant was driving while under the influence to alcohol to a degree that he was rendered incapable of safe driving. Present with him was a eight year-old child who was holding an open can of beer. Appellant had failed to stop at a red light and only stopped his vehicle after the police had pulled in front of him so that he could no longer proceed down the road. These facts support the entry of the guilty plea to REAP. A post-sentence attempt to withdraw the plea based upon insufficiency of evidence would not have been successful. Appellant has shown no manifest injustice and counsel was not ineffective for failing to file a post-sentence motion to withdraw the plea and for failing to file a motion for reconsideration of sentence.

¶ 21 The final issue is whether guilty plea counsel was ineffective for failing to raise a challenge to the excessiveness of sentence on direct appeal and for failing to seek review by the supreme court. As noted, on direct appeal counsel challenged the discretionary aspects of sentence on the basis that the lower court should have sentenced appellant to county time rather than to state time. Appellant has not borne his burden of establishing prejudice since he has made no showing that the lower court actually abused its discretion in sentencing him to a term of no less than fifteen months and no greater than six years. Absent some showing of the likelihood that the sentence imposed would have been overturned by the superior court, appellant has failed to show, as he is required to do so under the PCRA, that counsel's inaction redounded to his prejudice. We further observe that no appeal of the discretionary aspects of sentence is permitted beyond the appellate court that has initial jurisdiction for such appeals. 42 Pa.C.S.A. § 9781(f); *Commonwealth v. Vasquez*, 560 Pa. 381, 744 A.2d 1280, 1282 (2000). Therefore, any attempt to take the matter to the state supreme court would have been futile, and counsel may not be faulted for failing to pursue an appeal beyond the superior court.

¶ 22 Murray has filed a petition to dismiss the Commonwealth's brief based upon its untimeliness and its failure to support argument with proper citation to authority. We note that appellant is correct that the Commonwealth filed its brief eleven days after the date set for filing. We further note our agreement that the brief supplied by the Commonwealth is of marginal value given its brevity and relative lack of citation to appropriate statutory or caselaw authority. However, in the interest of judicial economy and fairness, we deny the petition. Our review, although not enhanced, has not been hampered by the Commonwealth's minimalist approach to appellate advocacy.

¶ 23 Order affirmed. Petition to dismiss appellee's brief denied.

¶ 24 Dissenting Opinion filed by JOYCE, J.

DISSENTING OPINION BY JOYCE, J.:

¶ 1 Upon my review of the certified record, I must respectfully dissent from the thoughtful opinion of my esteemed colleagues. I would not address the merits of any of Appellant's issues without first remanding for an inquiry into whether Appellant's decision to proceed *pro se* was knowing, intelligent and voluntary.

¶ 2 It is well settled in this Commonwealth that an indigent petitioner is entitled to counsel for his or her first PCRA petition. *Commonwealth v. Quail*, 729 A.2d 571, 572 (Pa.Super.1999); Pa. R.Crim.P. 904(B) (stating "the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief"). This right to counsel extends throughout the post-conviction proceedings and includes any appeal from the disposition of the petition for post-conviction relief. *Quail*, 729 A.2d at 572; Pa.R.Crim.P. 904(E) (stating "the appointment of counsel shall be effective throughout the post-conviction collateral proceedings, including any appeal from the disposition of the petition for post-conviction collateral relief"). Nonetheless, our courts have also recognized that a criminal defendant has a firmly established right to dispense with counsel and to defend himself or herself before the court. *Commonwealth v. Grazier*, 552 Pa. 9, 12, 713 A.2d 81, 82 (1998); *Commonwealth v. Ellis*, 398 Pa.Super. 538, 581 A.2d 595, 597 (1990) (*en*

*banc* ), *affirmed*, 534 Pa. 176, 626 A.2d 1137 (1993); Pa.R.Crim.P. 121.

¶ 3 Before the PCRA court may permit a defendant to proceed *pro se*, the PCRA court should conduct an on-the-record determination that the waiver is a knowing, intelligent and voluntary one. *Grazier*, 552 Pa. at 12, 713 A.2d at 82. To constitute a knowing and intelligent waiver, the PCRA petitioner must be apprised of his right to counsel and of the risks of forfeiting that right. *Commonwealth v. Meehan*, 427 Pa.Super. 261, 628 A.2d 1151, 1157 (1993), *appeal denied*, 538 Pa. 667, 649 A.2d 670 (1994) (internal quotation omitted). Such an inquiry would necessarily include whether the defendant understands that (1) he has a right to be represented by counsel; (2) that he will still be bound by all normal procedural rules if he waives this right; and (3) that many rights and potential claims may be permanently lost if the defendant does not timely assert them. *Id.; Commonwealth v. Powell*, 787 A.2d 1017, 1019 (Pa.Super.2001).

¶ 4 In the instant case, the PCRA court appointed counsel to represent Appellant after Appellant filed a *pro se* petition. Counsel never filed an amended petition, but did appear at Appellant's evidentiary hearing. After the PCRA court denied Appellant relief, Appellant's counsel filed a timely notice of appeal on Appellant's behalf. However, on January 17, 2003, counsel filed a motion to withdraw, citing a letter in which Appellant summarily expressed his desire to proceed *pro se* on appeal. Without conducting a waiver of counsel colloquy, the PCRA court granted this motion on January 22, 2003. In view of these facts, I would remand for a hearing pursuant to *Commonwealth v. Grazier*, *supra* so that Appellant would be properly advised of his right to counsel and of the inherent risks of forfeiting this right. *See Meehan*, *supra; Powell*, *supra.*

¶ 5 Despite our Supreme Court's mandate that we remand for such a hearing, the Majority relies upon our Court's opinion in *Commonwealth v. Brady*, 741 A.2d 758 (Pa.Super.1999) for the proposition that an on-the-record colloquy is unnecessary where the petitioner's actions demonstrate that he is voluntarily proceeding *pro se*. In reliance upon *Brady*, the Majority determined that Appellant's desire to proceed *pro se* has been entirely voluntary based upon his demonstrated ability to competently represent himself throughout the appellate process. *See* Majority Opinion, at 959 n. 1. The Majority also emphasized that Appellant has never sought the appointment of counsel and has never argued that the lack of counsel has impaired his ability to prosecute an appeal. *Id.*

¶ 6 I cannot agree with the Majority's analysis, or the holding of *Brady*, for a number of reasons. Foremost, our Court has explicitly held that any shortcoming relative to a waiver colloquy cannot be gauged by the quality of a defendant's self representation or justified based upon his/her experience with the system. *Commonwealth v. Lloyd*, 370 Pa.Super. 65, 535 A.2d 1152, 1163 (1988), *appeal denied*, 518 Pa. 637, 542 A.2d 1367 (1988). Next, while the formula espoused in *Brady* might provide us with some indication of whether a defendant is proceeding voluntarily, it provides us with little or no insight into whether a defendant has done so knowingly and intelligently. While we might be able to discern a certain level of legal acumen from Appellant's *pro se* filings, we cannot surmise from them whether Appellant appreciates the risks of forfeiting his right to counsel. Further, in *Grazier*, our Supreme Court has instructed us to hold a hearing in cases of this kind to protect a defendant's right to proceed *pro se* and to ensure a defendant understands the risks

of his decision to proceed without trained counsel. Finally, the panel in *Brady* cited *Grazier* for the proposition that an on-the-record colloquy is unnecessary where the cold record demonstrates that the appellant adamantly wished to waive his right to counsel. *Brady,* 741 A.2d at 763. A careful reading of *Grazier* reveals that the Supreme Court never made such a declaration.

¶ 7 As I do not find that our Court's decision in *Brady* comports with our Supreme Court's decision in *Grazier* or with our Court's decisions in *Powell* and *Meehan,* I would ask this Court to consider overruling it in an *en banc* session. Consistent with the dictates of *Grazier,* I would remand for a hearing to determine whether Appellant's decision to proceed *pro se* was made knowingly, voluntarily and intelligently.