J. S27006/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHARLES ANDREWS, | : | No. 593 EDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, January 22, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0002527-2010,
CP-51-CR-0007819-2009

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND FITZGERALD,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED AUGUST 26, 2015**

Charles Andrews appeals from the order of January 22, 2013, dismissing his PCRA[1] petition without a hearing.  We affirm.

The history of this case was aptly summarized by the PCRA court as follows:

> On January 7, 2009, Police Officer Ryan Waltman observed Defendant repeatedly banging on the front door of a residence located at 3118 Gilham Street, Philadelphia, PA.  As Officer Waltman approached the residence, Defendant picked up two packages that were located between the storm door and the front door.  After he picked up the packages, Defendant began to walk away from the residence.  Officer Waltman followed Defendant until he entered the passenger side of a car.  As the car started to

---

* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

pull away, Officer Waltman drew his revolver and ordered the driver to stop the car. In response, the driver tried to stop the car, but Defendant told the driver to continue driving and tried to push her leg down on the accelerator. As the car bolted forward, Officer Waltman had to jump in order to avoid being hit by the car. Joseph Cataline, the owner of the residence, did not know Defendant and did not give him permission to open the storm door to the house, bang on the front door, or remove any packages located between the storm door and front door.

Attorney Barbara McDermott — now Judge McDermott — represented Defendant at trial. Following the denial of a motion to quash the aggravated assault charge, Defendant pleaded guilty to one count of aggravated assault and one count of burglary. In addition to the written plea agreement forms that were read and signed by Defendant, Judge O'Grady conducted an oral colloquy where Defendant stated under oath that: (1) he was pleading guilty of his own free will, (2) he understood that he was waiving most of his appellate rights as a result of the plea, (3) he was satisfied with the representation by his attorney, and (4) he agreed with the statement of facts recited by the Commonwealth that formed the basis of his guilty plea. Defendant was then arraigned on — and pleaded guilty to — the charges of aggravated assault, graded as a felony of the second degree, and burglary, graded as a felony of the first degree.

PCRA court opinion, 11/8/13 at 1-2 (citations omitted).[2]

Appellant did not file post-sentence motions or a direct appeal; however, on December 27, 2010, appellant filed a timely **pro se** PCRA petition. Counsel was appointed, and an amended petition was filed on

---

[2] Judge John L. O'Grady, Jr., presided over appellant's guilty plea and sentencing; however, Judge O'Grady has since retired from the bench. The Honorable Daniel J. Anders was assigned appellant's PCRA petition.

appellant's behalf. On December 6, 2012, the PCRA court issued Rule 907 notice[3] of its intention to dismiss the petition without a hearing within 20 days. On January 22, 2013, appellant's petition was dismissed. Appellant filed a timely notice of appeal on February 15, 2013. On February 20, 2013, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A.; appellant timely complied on March 13, 2013. On November 8, 2013, the PCRA court filed a Rule 1925(a) opinion.

Appellant has raised the following issues for this court's review:

1. Whether the PCRA Court committed error by failing to hold an evidentiary hearing to determine if trial counsel's representation amounted to a lack of counsel where: (a) trial counsel[] advised [] him to enter a guilty plea to the charge of Burglary F1; (b) trial counsel failed to meet with Appellant prior to trial; and (c) trial counsel failed to file a motion to withdraw his guilty plea in violation of [the] 6th and 14th Amendments [to] the U.S. Constitution, and in violation of the Pennsylvania Constitution (PA.Const. art. I, sec.9)?

2. Whether the PCRA Court committed error by failing to hold an evidentiary hearing to determine if trial counsel's advice to him to enter a guilty plea to the charge of Burglary F1 amounted to ineffective assistance of counsel where the facts did not give rise to a first degree burglary resulting in an illegal sentence?

---

[3] Pa.R.Crim.P., Rule 907, 42 Pa.C.S.A.

     3.    Whether the PCRA Court committed error by failing to hold an evidentiary hearing to determine if [appellant] was unlawfully induced to enter a guilty plea by telling [appellant] that he was entering guilty pleas to misdemeanor charges, and [appellant] relied upon those representation[s] in deciding to enter his guilty pleas?

Appellant's brief at 5.

We determine that Judge Anders' Rule 1925(a) opinion ably and comprehensively disposes of the matter, discussing each of the issues raised on appeal with appropriate citation to relevant authority and without legal error. Therein, Judge Anders explains why each of appellant's claims is patently without merit, with no support in the record or from other evidence, and therefore, appellant was not entitled to an evidentiary hearing. Appellant's claims of ineffective assistance of counsel are baseless, and the record indicates that appellant entered an intelligent and voluntary negotiated guilty plea, following a thorough plea colloquy. We will affirm the order dismissing appellant's PCRA petition on the basis of Judge Anders' November 8, 2013 opinion.

Order affirmed.


Stabile, J. joins the Memorandum.

Fitzgerald, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2015

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL

COMMONWEALTH OF PENNSYLVANIA      :      CP-51-CR-0007819-2009
CP-51-CR-0002527-2010 Comm. v. Andrews, Charles          CP-51-CR-0002527-2010
Opinion

VS.


7083265381

CHARLES ANDREWS

593 EDA 2013

FILED

NOV 08 2013

Criminal Appeals Unit
First Judicial District of PA

OPINION

Defendant Charles Andrews pleaded guilty to aggravated assault and burglary. The Honorable John O'Grady imposed a negotiated sentence of two to five years of incarceration on each charge to be served concurrently, followed by four years of probation on the burglary charge.

Defendant did not file a direct appeal, but did file a timely petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541. The Honorable Daniel Anders[1] (herein the PCRA court) dismissed Defendant's PCRA petition without an evidentiary hearing after determining that the PCRA petition lacked merit. Defendant filed a timely Notice of Appeal of the dismissal of his PCRA petition. For the reasons stated below, the appellate court should affirm the PCRA court's dismissal of Defendant's petition without an evidentiary hearing.

FACTUAL BACKGROUND

On January 7, 2009, Police Officer Ryan Waltman observed Defendant repeatedly banging on the front door of a residence located at 3118 Gilham Street, Philadelphia, PA. As Officer Waltman approached the residence, Defendant picked up two packages that were located between the storm door and the front door. After he picked up the packages, Defendant began to walk away from the residence. Officer Waltman followed Defendant until he entered the passenger side of a car. As the car started to pull away, Officer Waltman drew his revolver and

---

[1] Following Judge O'Grady's retirement on December 31, 2011, this matter was assigned to Judge Anders for disposition.

1

ordered the driver to stop the car. In response, the driver tried to stop the car, but Defendant told the driver to continue driving and tried to push her leg down on the accelerator. As the car bolted forward, Officer Waltman had to jump in order to avoid being hit by the car. Joseph Cataline, the owner of the residence, did not know Defendant and did not give him permission to open the storm door to the house, bang on the front door, or remove any packages located between the storm door and front door. (N.T. 3/15/10 at 18-19).

Attorney Barbara McDermott – now Judge McDermott – represented Defendant at trial. Following the denial of a motion to quash the aggravated assault charge, Defendant pleaded guilty to one count of aggravated assault and one count of burglary. In addition to the written plea agreement forms that were read and signed by Defendant, Judge O'Grady conducted an oral colloquy where Defendant stated under oath that: (1) he was pleading guilty of his own free will, (2) he understood that he was waiving most of his appellate rights as a result of the plea, (3) he was satisfied with the representation by his attorney, and (4) he agreed with the statement of facts recited by the Commonwealth that formed the basis of his guilty plea. Defendant was then arraigned on – and pleaded guilty to – the charges of aggravated assault, graded as a felony of the second degree, and burglary, graded as a felony of the first degree. *Id.* at 15-20.

DISCUSSION

On appeal, Defendant asserts that the PCRA court erred by failing to hold an evidentiary hearing to determine if: (1) trial counsel was ineffective for advising Defendant to enter a guilty plea to the burglary charge[2], (2) trial counsel was ineffective for failing to file a motion to withdraw Defendant's guilty plea, (3) trial counsel was ineffective for failing to meet with Defendant prior to trial, and (4) Defendant was unlawfully induced to enter a guilty plea since

---

[2] Issues 1, 4, and 6 from Defendant's 1925(b) are addressed together under heading 1 in this opinion for brevity.

2

Defendant relied on trial counsel's representation that he was entering a guilty plea to misdemeanor charges.

In *Commonwealth v. Cox*, 983 A.2d 666 (Pa. 2009), our Supreme Court set forth the standards governing claims brought pursuant to the PCRA alleging ineffective assistance of counsel:

> Under the PCRA, collateral relief is afforded to individuals who prove that they are innocent of the crimes of which they were convicted, and those receiving illegal sentences. 42 Pa.C.S. § 9542. "A petitioner is eligible for PCRA relief only when he proves by a preponderance of the evidence that his conviction or sentence resulted from one or more of the circumstances delineated in 42 Pa.C.S. § 9543(a)(2)." *Commonwealth v. Natividad*, 938 A.2d 310, 320 (Pa. 2007). One of the grounds enumerated in 42 Pa.C.S § 9542(a)(2) involves claims alleging ineffective assistance of counsel. Thus, the PCRA provides relief to those individuals whose convictions or sentences "resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9542(a)(2)(ii). This Court has interpreted this to mean that in order to obtain relief on a claim alleging ineffective assistance of counsel, a petitioner must prove that: (1) the claim underlying the ineffectiveness claim has arguable merit; (2) counsel's actions lacked any reasonable basis; and (3) counsel's actions resulted in prejudice to petitioner. *Commonwealth v. Collins*, 957 A.2d 237 (Pa. 2008); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987). A chosen strategy will not be found to have lacked a reasonable basis unless it is proven 'that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.'" *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006) (quoting *Commonwealth v. Howard*, 719 A.2d 233, 237 (Pa. 1998)). "Prejudice in the context of ineffective assistance of counsel means demonstrating that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different." *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001); *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Finally, the law presumes that counsel was effective and the burden of proving that this presumption is false rests with the petitioner. *Commonwealth v. Basemore*, 744 A.2d 717, 728 n.10 (Pa. 2000).

*Cox*, 983 A.2d at 678.

3

The standard of review for an appeal from the denial of PCRA relief is "whether the findings of the PCRA court are supported by the record and free of legal error." *Commonwealth v. Gwynn*, 943 A.2d 940, 944 (Pa. 2008). "The level of deference accorded to the post-conviction court may vary depending upon whether the decision involved matters of credibility or matters of applying the governing law to the facts as so determined." *Commonwealth v. Williams*, 950 A.2d 294, 299 (Pa. 2008). "The PCRA court's factual determinations are entitled to deference, but its legal conclusions are subject to plenary review." *Commonwealth v. Gorby*, 900 A.2d 346, 363 (Pa. 2006).

A judge may dismiss a PCRA petition without a hearing if: (1) the petition is patently frivolous and without support in the record; or (2) the facts alleged therein would not, even if proven, entitle the defendant to relief. *See* Pa.R.Crim.P. 907; *Commonwealth v. Walls*, 993 A.2d 289, 295 (Pa. Super. Ct. 2010) ( stating "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence."). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." *Commonwealth v. Jones*, 942 A.2d 903, 906 (Pa. Super. Ct. 2008).

Here, Defendant's PCRA petition was dismissed without an evidentiary hearing because his claims lacked merit and are without support in the record. For the reasons stated below, the appellate court should affirm the PCRA court's dismissal of Defendant's petition without an evidentiary hearing.

4

1. The PCRA court properly dismissed Defendant's claim that counsel was ineffective in her advice to Defendant regarding entering a guilty plea to the burglary charge

   a.    Counsel's advice to defendant regarding entering a guilty plea was not ineffective

Defendant claims that trial counsel was ineffective for advising Defendant to enter a guilty plea to the charge of burglary. To obtain post-conviction relief based upon ineffective assistance of counsel relating to a guilty plea, a defendant must prove that the "plea was the result of manifest injustice. To establish manifest injustice, [the defendant] must show that his plea was involuntary or given without knowledge of the charge." *Commonwealth v. Holbrook*, 629 A.2d 154, 158 (Pa. Super. Ct. 2002).

Here, Defendant reviewed and signed a written guilty plea agreement that expressly stated that he was pleading guilty to burglary (graded as a felony of the first degree) and aggravated assault (graded as a felony of the second degree). *See* Written Guilty Plea Colloquy Forms for CP-51-CR-0007819-2009 and CP-51-CR-0002527-2010. Additionally trial counsel stated during the guilty plea that "my client will be entering a plea to aggravated assault as a felony of the second degree... That is going to be concurrent to his plea to burglary as a felony of the first degree." *Id.* at 14. Defendant also agreed with the facts as recited by the Commonwealth's attorney and which formed a sufficient basis for his guilty plea. Last, following the oral colloquy conducted by Judge O'Grady, Defendant answered "Guilty" after being arraigned on the charges of "aggravated assault, F2" and "burglary, F1." *Id.* at 19-20.

Defendant is bound by the written guilty plea agreement, the oral colloquy, and the facts to which he pleaded guilty. As a result, it was reasonable for the PCRA court to determine that Defendant knowingly and voluntarily pleaded guilty. This presumption has been upheld in *Commonwealth v. McCauley*:

> Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly

5

> demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradicts statements made when he pled.

*Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. Ct. 2001). Thus, Defendant cannot meet his burden of proof, and this claim is meritless.

   b.  The facts to which Defendant pleaded guilty support a conviction for burglary graded as a felony of the first degree

Defendant also asserts that trial counsel was ineffective because the facts did not support a conviction for burglary as a felony of the first degree. A person is guilty of burglary "if, with the intent to commit a crime therein, the person enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations." 18 Pa.C.S. § 3502(a). A burglary committed pursuant to Section 3502(a) is graded as a felony of the first degree. 18 Pa.C.S. § 3502(c)(1). Here, Defendant pleaded guilty to opening a storm door and removing two packages from inside the doorway to a residence that he was not permitted to enter. Defendant's actions were sufficient to support a conviction for burglary because – for purposes of the burglary statute – he entered the residence by opening the storm door and removing the packages from this secured portion of the structure. *See Commonwealth v. Palagonia*, 868 A.2d 1212 (Pa. Super. Ct. 2005) (stating the presence on a second story balcony was sufficient for trespass), *Commonwealth v. Jackson*, 585 A.2d 533 (Pa. Super. Ct. 1991) (stating the back porch attached to a residential dwelling is part of the structure for purposes of the offense gravity score), and *Commonwealth v. Rhodes*, 416 A.2d 1031 (Pa. Super. Ct. 1979) (stating that an entry "is accomplished in the event that any part of the intruder's body enters the structure.").

6

c.    The trial court imposed a lawful sentence on the burglary conviction because the facts to which Defendant pleaded guilty adequately support the conviction

In a related claim, Defendant asserts the PCRA court imposed an unlawful sentence because the facts did not support the burglary conviction. For the same reasons stated above, *supra* at 5-6, this claim also fails.

2.    The PCRA court properly dismissed Defendant's claim that counsel was ineffective for failing to file a motion to withdraw Defendant's guilty plea

Defendant alleges that trial counsel was ineffective for failing to file a motion to withdraw Defendant's guilty plea. The claim is without merit because there is no evidence that Defendant requested counsel to withdraw his guilty plea within 10 days after sentence was imposed. *See* Pa.R.Crim.P. 720(A)(1). For this reason alone, Defendant's claim is meritless.

Moreover, in a letter to Defendant, trial counsel wrote that, "to the best of her recollection, Petitioner's request to withdraw his guilty plea was made beyond his thirty day appeal period." (Amended Petition at 6). In fact, immediately after the guilty plea, Defendant fired trial counsel and instructed her not to do another thing. (Amended Petition, Exhibit A) (Defendant "angrily shouted at [trial counsel] not to 'do another thing'" and "repeatedly made it clear to [counsel] that [Defendant] was 'firing'" her). Trial counsel cannot be ineffective for failing to file a motion to withdraw a guilty plea when Defendant "fired" her and instructed her to "not do another thing."

Finally, Defendant's claim also has no merit because he cannot allege any prejudice as a result of counsel's failure to file a motion to withdraw the guilty plea. It is well-settled that when a defendant enters a guilty plea, he waives all challenges except those regarding jurisdiction, the legality of the sentence, and the voluntariness of the plea. *See Commonwealth v. Markowitz*, 32 A.3d 706 (Pa. Super. Ct. 2011); *Commonwealth v. Murray*, 836 A.2d 956 (Pa. Super. Ct. 2003). Defendant's petition does not allege that he sought to withdraw his plea based upon any of these

7

three limited exceptions. Rather, he desired to withdraw the plea because he believed (1) he was pleading guilty to misdemeanors, (2) the aggravated assault charge was not held for court at the preliminary hearing, and (3) the burglary conviction was not supported by the evidence. (Amended Petition at 7). As discussed *supra* at 7, Defendant's claims are meritless. Thus, if a motion to withdraw his plea would have been timely filed, the trial court would have dismissed it as without merit. *See Murray*, 836 A.2d at 963 (stating that claims regarding the sufficiency of evidence are not reviewable on appeal and are waived by entering a guilty plea). Since a post-sentence motion to withdraw Defendant's guilty plea was meritless and would have been denied by the trial court if timely filed, Defendant suffered no prejudice as a result of trial counsel's failure to file the motion.

3. The PCRA court properly dismissed Defendant's claim that counsel was ineffective for failing to meet with Defendant prior to trial

Defendant argues that trial counsel was ineffective for failing to meet with him prior to trial. In order to prevail on this claim, Defendant must "allege any issues that his counsel should have raised or any beneficial information that his counsel would have discovered had further pretrial consultations been held." *Commonwealth v. Harvey*, 812 A.2d 1190, 1196-97 (Pa. 2002). Here, Defendant does not assert that trial counsel would have discovered any "beneficial information" if further pretrial consultations were held. As a result, Defendant's claim is meritless because he cannot sustain his burden under *Harvey*.

Additionally, Defendant's petition makes only bald-faced allegations regarding trial counsel's preparation for trial, which are wholly unsupported by the record. (Amended Petition, at 4) ("counsel's representation was so lacking that it amounted to 'no legal' representation;" "counsel's inaction, or failure to engage in meaningful discussions prior to trial made her unprepared for trial;" counsel "did nothing to prepare for trial," and "[Defendant's] first contact with trial counsel was on the day of the guilty plea."). Our Supreme Court has held that such

8

unsubstantiated claims of ineffective assistance of counsel require dismissal of the PCRA petition as a matter of law. "In making assertions of ineffectiveness, we also require that an offer of proof be made alleging sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This is so because we frown upon considering claims of ineffectiveness of counsel in a vacuum." *Commonwealth v. Durst*, 559 A.2d 504, 505 (Pa. 1989). *See also, Commonwealth v. Blystone*, 617 A.2d 778 (Pa. Super. Ct. 1992) (stating "we will not consider claims of ineffectiveness without some showing of a factual predicate."); *Commonwealth v. Gray*, 608 A.2d 534, (Pa. Super. Ct. 1992) (holding that a defendant must allege sufficient facts upon which a reviewing court can conclude trial counsel may have been ineffective).

Last, the amount of time an attorney spends with her client is not indicative of either the extent nor adequacy of an attorney's pre-trial preparation. *Harvey*, 812 A.2d at 1196-97; *Commonwealth v. Mason*, 741 A.2d 708, 715-16 (Pa. 1999) (holding that counsel was not ineffective for meeting with petitioner only two or three times prior to capital trial); *Commonwealth v. Bundy*, 421 A.2d 1050, 1051 (Pa. 1980) (holding that counsel was not ineffective for meeting with petitioner only once prior to trial). Since there is no evidence to support his claim that trial counsel was unprepared, and because he alleges no additional information that trial counsel could have ascertained from further consultation, Defendant's claim is meritless.

4. The PCRA court properly dismissed Defendant's claim that he was unlawfully induced to enter a guilty plea because he relied on counsel's <u>representation that he was pleading guilty to misdemeanors, not felonies</u>

Finally, Defendant argues that he was unlawfully induced to enter a guilty plea because he relied on trial counsel's representation that he was pleading guilty to misdemeanor charges, not felonies. In order to prevail on this claim, a defendant must prove that there was a "causal

9

nexus" between counsel's ineffectivness and the involuntary or unknowing guilty plea. *Commonwealth v. Lutz*, 424 A.2d 1302, 1305 (Pa. 1981). A "causal nexus" can be established if trial counsel fails to object to a guilty plea that does not allow the defendant to make a knowing and intelligent plea. *Commonwealth v. Jones*, 640 A.2d 1330, 1335 (Pa. Super. Ct. 1994).

As discussed *supra* at 5-6, Defendant's claim that trial counsel misrepresented the gradation of the charges is contradicted by the written guilty plea agreement, counsel's statements during the guilty plea hearing, and the oral colloquy, all of which indicate that Defendant pleaded guilty to burglary as a felony of the first degree and aggravated assault as a felony of the second degree. As a result, this claim is meritless.

CONCLUSION

Based on the foregoing, this court should affirm the post-conviction court's dismissal of Defendant's petition for relief under the PCRA.

BY THE COURT:

DANIEL J. ANDERS, JUDGE
Dated: November 8, 2013

10