J-S63008-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| BENJAMIN RAYSOR | |
| Appellant | No. 1508 WDA 2016 |

Appeal from the PCRA Order October 4, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012069-2013

BEFORE: BOWES, J., SOLANO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.: FILED NOVEMBER 17, 2017

Benjamin Raysor appeals from the October 4, 2015 denial of his petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). We affirm and grant counsel's petition to withdraw.

On June 16, 2013, Appellant burglarized the Sigma Phi Epsilon fraternity house on 1057 Morewood Avenue in Pittsburgh. While the residents of the home slept, Appellant stole the keys to a 1996 Honda Accord, a Dell computer, and a Samsung cellular telephone. After locating the vehicle parked outside of the residence, he used it to flee the scene of the burglary. Following his apprehension, the Commonwealth charged him with burglary of an occupied structure while a person is present, and two counts each of receiving stolen property and theft by unlawful taking. The

Commonwealth eventually withdrew one count of receiving stolen property and theft by unlawful taking. The PCRA court succinctly summarized the relevant procedural history as follows:

> On February 12, 2014, [Appellant] plead guilty before the Honorable Donald E. Machen [to one count each of burglary of a home, theft by unlawful taking, and receiving stolen property]. [He was represented by Lisa Phillips, Esquire, of the Allegheny County Public Defender's Office.] At the guilty plea, the Assistant District Attorney informed the Court that . . . "There is going to be a plea of guilty . . . with no agreement as to sentence." [Appellant] acknowledged that he understood that there was no agreement to the sentence imposed. [Appellant] also waived the reading of the charges and stipulated to the summaries of evidence. . . . A pre-sentence report and psychiatric examination was ordered.

PCRA Court Opinion, 6/28/17, at 2 (footnotes and citation to certified record omitted).

The court-ordered psychiatric report was prepared as scheduled; however, the pre-sentence investigation ("PSI") was not completed prior to sentencing. Appellant subsequently waived his right to the PSI and proceeded to sentencing, apparently because he did not want to continue to be housed in the Allegheny County Jail pending the delay. Prior to imposing the judgment of sentence on May 6, 2014, Judge Machen advised Appellant,

> The pre-sentence investigation report could have given me a little bit more insight into the specifics. I think it's in your best interest to allow me to have that done. I understand that you're not happy with the Allegheny County Jail—but I'll defer to what you request. If that's what you want. I would like you to talk to Ms. Phillips again. My feeling is somewhere between what . . . Ms. Phillips is requesting, and what the district attorney is requesting. I don't believe that 10 to 20 years is appropriate for

you[,] sir.  I believe that 5 to 10 years is appropriate on the burglary charge . . .  [.]  I don't know that the pre-sentence investigation report would cause me to move one way or another, but what I said is[,] I don't know because I don't have it.  Your Understand[?]

N.T. Sentencing Hearing, 5/6/14, at 10-11.

After discussing the issue with Attorney Phillips, Appellant inquired whether the PSI report could result in a sentence greater than the five-to-ten years that the trial court initially referenced.  Judge Machen advised Appellant that the answer depended upon the information contained in the PSI report, but indicated that he was confident that the proposed five-to-ten-year sentence was reasonable.  Id. at 14.  Appeased, Appellant confirmed that he would forego the PSI report and proceed to sentencing.  Id.  Consistent with all of the preceding discussions, the trial court imposed five to ten years imprisonment for burglary and no further penalty for the remaining charges.  Appellant did not file post-sentence motions or a direct appeal.

On May 1, 2015, Appellant filed a timely PCRA petition.  The PCRA court appointed Charles R. Pass III, Esquire, who filed an amended petition asserting that Attorney Phillips provided ineffective assistance by failing to file an appeal from the judgment of sentence or consult with Appellant about a potential appeal.  Appellant also contended that Attorney Phillips promised him that he would receive a specific sentence of two to four years imprisonment pursuant to the plea agreement.

During the ensuing evidentiary hearing, on October 3, 2016, Appellant testified that Attorney Phillips advised him that he would receive a two-to-four-year sentence under the plea agreement. N.T. PCRA, 10/3/16, at 7. After the court imposed the five to ten year term of confinement, he assumed that Attorney Phillips would file an appeal on his behalf. Id. Appellant continued that, on May 9, 2014, three days after sentencing, he mailed Attorney Phillips a letter from jail wherein he asserted that she had advised him to expect the two-to-four-year sentence and complaining, inter alia, that she had ignored his request to file a post-sentence motion to withdraw his guilty plea. Id. at 8. Appellant testified that Attorney Phillips failed to respond to his correspondence or file a direct appeal on his behalf. Id. at 9.

During cross-examination, Appellant conceded that he neglected to inform Judge Machen of the promised two-to-four-year term under the plea agreement and that he did not correct the judge when he stated that the only agreement related to whether the sentences would run concurrent with sentences on other convictions Appellant would serve. Id. at 10. Likewise, Appellant acknowledged that he failed to mention during the sentencing proceeding the putative discrepancy between the expected sentence and his actual punishment. Id. at 11.

Attorney Phillips also testified during the PCRA hearing. She stated that she informed Appellant of his potential sentencing exposure of ten to

twenty years imprisonment as a standard range sentence for burglary considering his prior record score of a repeat violent offender. Id. at 15, 19. Attorney Phillips advised Appellant that she would ask for a mitigated range sentence, but "did not make any promises as to a sentence" or state that there was any agreement as to the length of the sentence. Id. at 15-16. In addition, Attorney Phillips testified that she did not recall whether Appellant was dissatisfied with the sentence that he expected Judge Machen to impose, which was below the mitigated range. Id. at 19. She reported having no reason to believe that Appellant would want to appeal the lenient sentence. Id. at 18.

Similarly, she did not remember Appellant requesting that she file a direct appeal on his behalf. Id. at 17. She added that, if Appellant had requested a post-sentence motion or direct appeal, she would have complied. Id. 18. As it relates to Appellant's May 9, 2014 correspondence, Attorney Phillips explained that she did not recall receiving the missive, and that she looked through the case files relating to Appellant in her office but did not locate it. Id. After considering the foregoing evidence, the PCRA court denied relief and dismissed Appellant's petition. This appeal followed.

On May 31, 2016, Attorney Pass filed with this Court a petition to withdraw from representation pursuant to Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc), which we must address at the outset.

Turner/Finley requires counsel to conduct an independent review of the record before a court can authorize an attorney's withdrawal. Counsel must then file a no-merit letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. Commonwealth v. Freeland, 106 A.3d 768 (Pa.Super. 2014) (citations omitted). Counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that, if the court granted counsel's withdrawal request, the client may proceed pro se or with a privately retained attorney. Id. at 774. Thereafter, the reviewing court must conduct its own independent evaluation of the record and agree with counsel that the petition is meritless.

Here, we find that counsel has substantially complied with the requirements of Turner/Finley. Counsel represented that he reviewed the record, docket entries, the case files, and the relevant legal authority. He advised Appellant in a letter that he could not identify any issues of arguable merit,[1] furnished him with a copy of his petition to withdraw and the

_____

[1] The petition misstated that the PCRA petition was untimely. Attorney Pass corrected that mistake in the concomitant brief that he filed and served contemporaneously with the petition to withdraw. The brief, which was filed in lieu of a no-merit letter, addressed the substance of Appellant's claims and explained why they lacked merit. As our jurisprudence views the briefing procedures set forth in Anders v. California, 386 U.S. 738 (1967),
(Footnote Continued Next Page)

appellate brief explaining why his claim was meritless, and advised him that he had the right to retain other counsel or represent himself pro se and file a response to the petition to withdraw. Appellant did not file a response.

Counsel presents the following questions for our review:

1. Whether Attorney Phillips was ineffective-in violation of Article I, Section 9 or Article V, Section 9 of the Pennsylvania Constitution or the Sixth and Fourteenth Amendments to the United States Constitution-in failing to (adequately) consult with Defendant about filing, and/or in failing to file, an appeal from the May 6, 2014 sentence?

2. Whether Defendant's guilty plea was involuntary, unknowing, unintelligent and the result of ineffective assistance of counsel-in violation of Article I, Section 9 of the Pennsylvania Constitution and the Sixth and Fourteenth Amendments to the United States Constitution where Attorney Phillips misrepresented to Defendant that there was a plea agreement for a sentence of incarceration of 2 to 4 years in this matter when such misrepresentation was material to Defendant's decision to plead guilty in this matter?

*Turner/Finley* brief at 2.

We address these arguments collectively. Our standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Davis,* 86 A.3d 883, 887

(Footnote Continued) ──────────────

as affording greater protection than those prescribed under *Turner/Finley,* we also overlook counsel's misstep in filing an *Anders*-type brief rather than the appropriate no-merit letter. See *Commonwealth v. Widgins,* 29 A.3d 816, 817 n.2 (Pa.Super. 2011)

(Pa.Super. 2014). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Id.

This Court has explained that the entry of a plea of guilty or nolo contendere constitutes a waiver of all defects and defenses except lack of jurisdiction, invalidity of the plea, and illegality of the sentence. Commonwealth v. Murray, 836 A.2d 956, 962-63 (Pa.Super. 2003). Before a withdrawal of a plea will be permitted after sentencing, the appellant must show prejudice in the nature of manifest injustice, i.e., that the appellant entered into the plea involuntarily, unknowingly, or unintelligently. Commonwealth v. Pollard, 832 A.2d 517 (Pa.Super. 2003). In order to ensure a voluntary, knowing, and intelligent plea, our Supreme Court has required the trial court to ask the following questions, at a minimum:

> 1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2) Is there a factual basis for the plea?
>
> 3) Does the defendant understand that he or she has the right to a trial by jury?
>
> 4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> 6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Id. at 522-523. See Pa.R.Crim.P. 590. This Court examines the nature of the averments at the time of the colloquy and compares them to the claims raised on appeal. Id. at 524.

Here, Appellant is not arguing that any of the elements set forth in Pollard and Rule 590 were lacking. Instead, Appellant simply argues that his plea counsel, Attorney Phillips, rendered ineffective assistance in (1) ignoring his request to file a direct appeal or, in the alternative, neglecting her duty to consult with him regarding his post-sentence options; and (2) misrepresenting the existence of a plea agreement for two to four years incarceration. For the following reasons, no relief is due.

In Commonwealth v. Lantzy, 736 A.2d 564 (1999), our Supreme Court held that an unjustified failure to file a direct appeal upon request is prejudice per se, and if the remaining requirements of the PCRA are satisfied, a defendant does not have to demonstrate his innocence or the merits of the issue he would have pursued on appeal to be entitled to relief. Id. Under those facts, "no discussion of the potential merit of any claims is necessary." See Commonwealth v. Markowitz, 32 A.3d 706, 715 (Pa.Super. 2011). However, such relief is appropriate only where the petitioner pleads and proves that a timely appeal was in fact requested and that counsel ignored that request. Commonwealth v. Harmon, 738 A.2d 1023, 1024 (Pa.Super. 1999). A mere allegation will not suffice to prove

that counsel ignored a petitioner's request to file an appeal. Id. Herein, Appellant failed to proffer a scintilla of evidence to support his allegation.

In rejecting Appellant's claim, the PCRA court made a credibility determination against Appellant and in favor of Attorney Phillips. Specifically, the PCRA court found that Appellant did not prove that he directed Attorney Phillips to file a direct appeal. In fact, during the PCRA hearing, Appellant conceded that he neglected to request a post-sentence motion or a direct appeal, and he seemed genuinely puzzled by the notion that he would have to ask. He questioned, "Do I have to [request a direct appeal] or is that something that [she] is supposed to do? N.T. PCRA Hearing, 10/3/16, at 13. Moreover, the court believed counsel's testimony that, had Appellant requested an appeal, she would have filed it. See PCRA Court Opinion, 6/28/17, at 6-7.

Furthermore, the PCRA expressly rejected Appellant's contention that he mailed Attorney Phillips a letter on May 9, 2014 inquiring about the status of his professed request to withdraw the guilty plea. The court reasoned,

> Counsel testified that a search of all of the files involving [Appellant] did not disclose that such a letter was received. In addition, it is incredible that [Appellant] sent a letter just three days after the sentencing stating[,] "I also asked you to withdraw my guilty plea, why didn't any of that happen?" As the time for filing a motion to withdraw the guilty plea had not expired on May 9th, [Appellant] could not have known on May 9th that such a motion had not or would not be filed. There is no credible evidence that [Appellant] requested counsel to file an appeal and, therefore, counsel was not ineffective for failing to file a requested appeal.

Id. at 7.

As the record supports the PCRA court's findings and credibility determinations, we will not disturb its conclusion that Appellant did not request either a post-sentence motion or a direct appeal. See Markowitz, supra (affirming PCRA court's credibility determination that petitioner did not request direct appeal); Commonwealth v. Abu-Jamal, 720 A.2d 79, 93 (Pa. 1998) (if PCRA court's credibility determination is supported by record, it is binding on appellate court).

Having concluded that Appellant's claim under Lantzy is meritless, we next address whether he was prejudiced by Attorney Phillips's alleged failure to consult with him regarding a potential direct appeal to challenge the guilty plea. In Commonwealth v. Touw, 781 A.2d 1250 (Pa.Super. 2001), this Court held that counsel had a duty to consult with the defendant as to whether he wanted to file a direct appeal if there was reason to think that a rational defendant would want to file one. However, to prevail on this claim, Appellant must show that he was prejudiced by his counsel's failure to consult. Id. at 1254. "[A] defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id.

This claim is also meritless. First, the certified record belies Appellant's insinuation that he was not advised of his appellate rights.

Attorney Phillips clearly informed Appellant of his post-sentence and appellate rights during the plea proceeding. See N.T. Sentencing, 5/6/14, at 17. We further note that the certified record includes a fully executed written guilty plea colloquy which outlined Appellant's appeal rights in relation to the guilty plea. Hence, the record contradicts Appellant's self-serving assertion that he was ignorant of his post-sentence and appellate rights. Written Plea Colloquy, 2/12/14, at 6-8.

More importantly, having considered the evidence presented during the evidentiary hearing, the PCRA court made a credibility determination against Appellant and in favor of Attorney Phillips regarding whether there was reason for Attorney Phillips to think that Appellant would want to file post-sentence submissions challenging the guilty plea or the attendant judgment of sentence. The court recalled,

> In this case, counsel credibly testified that she discussed his appellate rights with [Appellant] and he did not express any concerns with the sentence imposed. The sentence imposed was the exact sentence that Judge Machen informed [Appellant] would be imposed if the sentencing proceeded and which [Appellant] said he was "fine with." Clearly, based on the record, [Appellant] weighed the option of proceeding with the sentencing after being advised of the sentence that would be imposed based on the available information versus waiting for the pre-sentence report which might disclose information that could result in a longer sentence. As Judge Machen stated, ". . . you know your history far better than I do." [Appellant] knowingly, intelligently and with a full understanding of the proceedings elected to proceed. In addition, the sentence was below the standard range and represented a significant deviation from the possible sentences that could be imposed. Therefore, there is no evidence

to support the claim that counsel was ineffective in failing to consult with [Appellant] about a possible appeal.

PCRA Court Opinion, 6/28/17, at 7-8 (internal citation omitted). As the record supports the trial court's credibility determination, we do not disturb it. Plainly, Appellant did not demonstrate any dissatisfaction with or confusion about the sentence that Judge Machen advised him that he would receive under the open plea agreement. As the case does not reveal any issues that trigger Attorney Phillip's duty to consult with Appellant, the PCRA court did not err in rejecting Appellant's claim under Touw, supra.

In his final claim, Appellant argues that Attorney Phillips mislead him to believe that he was going to receive a two-to-four-year term of imprisonment under the guilty plea rather than the five to ten years that was actually imposed. This claim is specious in light of Judge Machen's discussions with Appellant prior to sentencing. As the PCRA court accurately observed, "there is no credible evidence to support such a claim. The record could not be more explicit in establishing that [Appellant] was fully aware of the sentence that was going to be imposed and he knowingly and voluntarily elected to proceed." PCRA Court Opinion, 6/28/17, at 8. As we discussed supra, the trial court fashioned the precise sentence that it informed Appellant that it would impose if he elected to forego the PSI. Tellingly, when advised of the court's intention, Appellant responded "I am fine with what you done, Your Honor." N.T., 5/6/14, at 14. Immediately

thereafter, Judge Machen placed on the record his reason for the downward deviation from the standard guideline range penalty of ten to twenty years and imposed the five-to-ten-year term that had been the subject to the lengthy discussions. Id. In light of the foregoing facts, the certified record refutes Appellant's claim that the plea agreement encompassed a two-to-four-year term of imprisonment.

For all of the preceding reasons, we find no meritorious issues that have been preserved for our review. Hence, we agree with counsel that the petition is meritless.

Petition of Charles R. Pass III, Esquire, to withdraw granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2017