J. S69025/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SOPHAL THACH, | : | No. 3370 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, July 28, 2014,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004506-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND OLSON, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED DECEMBER 16, 2015**

Sophal Thach appeals from the judgment of sentence of July 28, 2014, following a guilty plea to aggravated assault, robbery, and related charges. Appointed counsel, Todd M. Mosser, Esq., has filed a petition to withdraw and accompanying **Anders** brief.[1]  After careful review, we grant the withdrawal petition and affirm the judgment of sentence.

On July 28, 2014, appellant entered a negotiated guilty plea to one count of aggravated assault, two counts of robbery, one count of criminal conspiracy to commit robbery, one count of possessing an instrument of a crime ("PIC"), and one count of possession of a firearm prohibited. Additional charges were **nolle prossed** including a charge of attempted

---

[1] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (Pa. 1981).

murder. The charges were brought in connection with the January 21, 2013 robbery of a grocery store, during which appellant shot the victim, Jesse Tann ("Tann"). Following a thorough plea colloquy, the Honorable Barbara A. McDermott imposed the agreed-upon sentence of 15 to 35 years' incarceration.[2]

On July 31, 2014, appellant filed a counseled motion to withdraw his guilty plea. A hearing was held on the motion on August 1, 2014, at which appellant testified. According to appellant, he entered the guilty plea because he was scared. (Notes of testimony, 8/1/14 at 6-7.) Appellant also alleged ineffectiveness of plea counsel. (*Id.*) Following the hearing, appellant's motion was denied.

On October 17, 2014, appellant filed a PCRA[3] petition seeking reinstatement of his direct appeal rights *nunc pro tunc*. The petition was granted on November 6, 2014, and a timely notice of appeal was filed on November 11, 2014. On November 13, 2014, the trial court issued an order for appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days; on December 23, 2014,

---

[2] Appellant received a sentence of 10 to 20 years for aggravated assault, and 5 to 15 years for the two counts of robbery and criminal conspiracy, run concurrently to each other but consecutively to the sentence for aggravated assault, for an aggregate sentence of 15 to 35 years. (Notes of testimony, 7/28/14 at 29.) Appellant received concurrent sentences of 5 to 10 years on the firearms charge and 1 to 2 years for PIC. (*Id.* at 29-30.)

[3] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

following an extension of time in which to file, appellant filed a statement of intent to file an **Anders** brief in lieu of a concise statement pursuant to Rule 1925(c)(4). (Docket #D16.) On January 5, 2015, the trial court filed a Rule 1925(a) opinion.

Counsel having filed a petition to withdraw, we reiterate that "[w]hen presented with an **Anders** brief, this court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa.Super. 2010), citing **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (**en banc**) (citation omitted).

> In order for counsel to withdraw from an appeal pursuant to **Anders**, certain requirements must be met, and counsel must:
>
> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.**, quoting **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009).

Upon review, we find that Attorney Mosser has complied with all of the above requirements. In addition, Attorney Mosser served appellant a copy of the *Anders* brief, and advised him of his right to proceed *pro se* or hire a private attorney to raise any additional points he deemed worthy of this court's review. Appellant has not responded to counsel's motion to withdraw. Once counsel has satisfied the above requirements, it is then this court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa.Super. 2001). As we find the requirements of *Anders* and *Santiago* are met, we will proceed to the issues on appeal.

The first issue raised is whether Judge McDermott should have granted appellant's post-sentence motion to withdraw his negotiated guilty plea. "When considering a petition to withdraw a plea submitted to a trial court after sentencing, it is well-established that a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." *Commonwealth v. Byrne*, 833 A.2d 729, 737 (Pa.Super. 2003), quoting *Commonwealth v. Johns*, 812 A.2d 1260, 1261 (Pa.Super. 2002) (emphasis in original).

> The standard for withdrawal of a guilty plea after imposition of sentence is much higher [than the standard applicable to a presentence motion to withdraw]; a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified. A plea rises to the level of

> manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently.

*Id.*, quoting *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super. 2002) (citations and internal quotation marks omitted).

> A showing of manifest injustice is required after imposition of sentence since, at this stage of the proceeding, permitting the liberal standard enunciated in [the presentence setting] might encourage the entrance of a plea as a 'sentence testing device.' We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.

*Id.* (citations omitted).

> "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa.Super. 2005); Pa.R.Crim.P. 590, Comment. Additionally, a written plea colloquy that is read, completed and signed by the defendant and made part of the record may serve as the defendant's plea colloquy when supplemented by an oral, on-the-record examination. *Morrison*, 878 A.2d at 108 (citing Comment to Pa.R.Crim.P. 590). "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Fluharty*, 429 Pa.Super. 213, 632 A.2d 312, 315 (1993). "Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise." *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa.Super. 2003) (internal citation omitted). The entry of a negotiated plea is a "strong

> indicator" of the voluntariness of the plea. **Commonwealth v. Myers**, 434 Pa.Super. 221, 642 A.2d 1103, 1106 (1994). Moreover, "[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." **Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa.Super. 2010).

**Commonwealth v. Reid**, 117 A.3d 777, 782-783 (Pa.Super. 2015).

Instantly, as stated above, Judge McDermott conducted a thorough and probing plea colloquy prior to accepting appellant's guilty plea. Judge McDermott explained that appellant faced a maximum sentence of 47½ to 95 years' imprisonment and a $135,000 fine. (Notes of testimony, 7/28/14 at 6.) Judge McDermott explained the rights appellant was giving up by pleading guilty, including his right to a jury trial. (**Id.** at 7-12.) Judge McDermott instructed appellant that he would have very limited appellate rights as a result of his plea, including waiver of all non-jurisdictional defects and defenses. (**Id.** at 9-12.) Appellant, who is a Cambodian national, was informed that he could face deportation as a result of his convictions. (**Id.** at 9-10.)

The Commonwealth set forth an extensive factual basis for the plea, including that appellant conspired with Philly Meas ("Meas") to rob a grocery store at 2233 South 7ᵗʰ Street. (**Id.** at 13.) Meas acted as the lookout. (**Id.** at 15.) Appellant entered the store, wearing a ski mask and brandishing a loaded revolver, and demanded money. (**Id.** at 13-14.)

Appellant pointed the weapon at the head of the store owner, Phaly Lang ("Lang"), as well as at her daughter, Michelle Kea ("Kea"). (***Id.*** at 14.) When appellant aimed the gun at a customer in the store, Tann, there was a struggle. (***Id.***) Tann decided to try to take the gun away from appellant. (***Id.***) While appellant and Tann fought over the gun, appellant fired three times, grazing Tann in the head and also striking him in the leg. (***Id.***) Tann required stitches to his head. (***Id.*** at 16.) The leg wound was more serious, striking a vital artery and requiring multiple surgeries. (***Id.*** at 14-16.) Tann remained in the hospital for two weeks and still has limited range of motion in his leg. (***Id.*** at 16.)

After the gunshots, appellant and Meas fled the scene. (***Id.*** at 15.) Appellant was identified by both Lang and Kea as the gunman. (***Id.*** at 17-18.) Although appellant was wearing a ski mask, it was pulled to the side, revealing a distinctive facial tattoo near his eye. (***Id.*** at 17.) Both Lang and Kea knew appellant from the neighborhood. (***Id.*** at 17-18.) In addition, Meas, who entered a separate plea, gave a statement implicating appellant. (***Id.*** at 19-21.)

Appellant indicated that he understood the terms of the plea agreement and that no one had coerced or threatened him into taking the plea. (***Id.*** at 6-7.) Appellant admitted the facts as set forth by the Commonwealth. (***Id.*** at 22.) Appellant indicated that he was satisfied with his attorney's representation. (***Id.*** at 12.) Appellant is a high school

graduate and speaks English. (*Id.* at 3.) While appellant testified that he has some anxiety issues and is prescribed sleep medication, he denied being under the influence of any drugs, alcohol, or prescription medication at the time of the plea. (*Id.* at 3-5.) Appellant affirmed that the sleep medication did not interfere with his ability to understand the proceedings. (*Id.* at 4-5.)

In addition, appellant executed a written guilty plea colloquy, which was also signed by his attorney, the attorney for the Commonwealth, and Judge McDermott. (Trial court opinion, 1/5/15 at 2-3; Exhibit A.) During the hearing on appellant's post-sentence motion to withdraw his guilty plea, appellant claimed that he was "scared" and felt rushed. (Notes of testimony, 8/1/14 at 6-7.) Appellant also characterized himself as "a little slow," although he acknowledged having received a high school diploma while in jail. (*Id.* at 7-8.) Finally, appellant claimed that, "I don't think my lawyer represented me right." (*Id.* at 6.)

There is no basis in the record for appellant's allegations. There is nothing to indicate appellant had difficulty communicating with Judge McDermott or his attorney, or was unable to comprehend the proceedings. Judge McDermott observed that appellant rejected the offer of an interpreter and appeared to have no problems speaking and understanding English. (*Id.* at 22.) Appellant indicated he had read the written guilty plea colloquy. (*Id.*) Although appellant decided to accept the Commonwealth's plea offer on the day of trial, there is nothing to support

the assertion that he was rushed into making a decision. (***Id.*** at 19-20.) In fact, the trial court was unavailable to take the plea for several hours, during which appellant had ample time to reconsider. (***Id.*** at 20.) The plea offer appellant eventually accepted was the same as one made months earlier. (***Id.*** at 16-17.) Regarding appellant's vague assertions of ineffectiveness of plea counsel, they are not cognizable on the instant direct appeal. "It is well-settled that, absent circumstances not present in the case at bar, 'claims of ineffective assistance of counsel are to be deferred to PCRA review[.]'" ***Reid***, 117 A.3d at 786, quoting ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013).

Although, given the seriousness of the allegations and appellant's prior record score of 5, appellant received a favorable plea agreement, this appears to be nothing more than a case of "buyer's remorse." While appellant may be disappointed with his sentence, this does not constitute a "manifest injustice" permitting appellant to withdraw his plea. ***Byrne***, ***supra***. Our review of the guilty plea hearing transcript and documents reveals that the lower court did not abuse its discretion. The record supports the trial court's conclusion that appellant entered his plea knowingly, voluntarily, and intelligently. There is no merit here.

Attorney Mosser raises one other issue, challenging the discretionary aspects of appellant's sentence. (Appellant's brief at 14-15.) Because appellant entered a negotiated plea and received the bargained-for

sentence, this claim is unreviewable. **See Reid**, 117 A.3d at 784, citing **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa.Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence."); **Commonwealth v. Reichle**, 589 A.2d 1140, 1141 (Pa.Super. 1991) ("Where the plea agreement contains a negotiated sentence which is accepted and imposed by the sentencing court, there is no authority to permit a challenge to the discretionary aspects of that sentence."); **Commonwealth v. Baney**, 860 A.2d 127, 131 (Pa.Super. 2004), **appeal denied**, 877 A.2d 459 (Pa. 2005) (same).

For the reasons discussed above, we determine that appellant's issues on appeal are wholly frivolous and without merit. Furthermore, after our own independent review of the record, we are unable to discern any additional issues of arguable merit. Therefore, we will grant Attorney Mosser's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/16/2015